Isaac H. Orr, Appellant, v. Arthur C. Hoehn, Assessor of the City of St. Louis, and Forrest Smith, State Auditor.—No. 38988.— 182 S. W. (2d) 596.

Division One, July 3, 1944.

Rehearing Denied, October 9, 1944.

*Bryan, Cave, McPheeters & McRoberts* and *Crawford Johnson* for appellant.

*Roy McKittrick,* Attorney General, and *Vane C. Thurlo,* Assistant Attorney General, for respondents.

BRADLEY, C.— This is an action under Sec. 11366, R. S. 1939, Mo. R. S. A., Sec. 11366, to abate an assessment of an additional state income tax. The additional assessment of $17.80 was made by the assessor of St. Louis in .1939, under Sec. 11363, R. S. 1939, Mo. R. S. A., Sec. 11363. The trial court denied abatement and plaintiff appealed. The State Auditor is a party defendant, and jurisdiction of the appeal is in the supreme court because a state officer is a party, and also because the construction of the revenue laws [Sec. 11350, R. S. 1939] is involved. See Constitution, Art. 6, Sec. 12.

Unless otherwise appearing, all references herein to statutes are to our 1939 Revised Statutes, and to Mo. R. S. A.

Included in plaintiff's 1939 income and shown in his return was $1100 received from the St. Louis Union Trust Company as a dividend earned by the Trust Company in 1938, upon stock of said Trust Company owned by plaintiff. Sec. 11343, subdivision *second*, fixes the corporation (The Trust Company) income tax rate at 2%. From the amount of income tax payable, as shown by his 1939 return absent any tax deduction, plaintiff deducted $22; that is, he deducted 2% of the $1100 received as dividend on said Trust Company stock. This deduction was made on the theory that the Trust Company, in 1938, had paid all the state income tax assessable against its 1938 income from which came the dividend received by plaintiff and that such deduction was authorized by Sec. 11350, when read in connection with Secs. 11343 and 11345. Plaintiff says that "the three sections are correlated and interdependent", that is, in pari materia. Defendants, however, contend that the Trust Company paid only 19.105% of the 2% on the $1100, or $4.20, hence the additional assessment of $17.80, and for such contention, defendants rely upon Sec. 11350.

The Trust Company, in its 1938 state income tax return, placed its taxable net income at $127,005.02 and paid 2% thereon, but the State Auditor, after an audit, placed the Trust Company's net income for 1938 at $664,750.43, and defendants contend that, regardless of whether or not the income that went to make up the *difference* between $664,750.43 and $127,005.02 is *taxable* against the Trust Company, the whole of the $1100 dividend income to plaintiff derived from the total net income of the Trust Company, is taxable against him at the corporate rate of 2%, less whatever part of that 2% was *actually* paid by the Trust Company. The $127,005.02, the taxable net income of the Trust Company, is 19.105% of $664,750.43, net income of the Trust Company as determined by the State Auditor, hence the reason for the claim by the defendants that only 19.105% of the 2% state income tax on the $1100 dividend was paid by the Trust Company.

As appears, supra, the net income of the Trust Company for 1938, according to the State Auditor, was $664,750.43; while the *taxable* net income as shown by the Trust Company's return was $127,005.02. The difference is $537,745.41. This difference is made up of the following:

(1) Dividends on stock, owned by the Trust Company, of First National Bank, St. Louis .............. $393,437.28

(2) By treating a certain transaction as a profit of $3,828.77, when, according to plaintiff, it should have been treated as a loss of $2,455.50 .......... 6,284.27

(3) Interest on Missouri and United States obligations and what is termed book profits in security accounts, all amounting to ...................... 116,775.41

(4) Amount of dividend due the Trust Company, but retained by St. Louis Realty & Securities Co., which last named company was a subsidiary of and owned by the Trust Company ...................... 21,248.45

Total ...................................... $537,745.41

As to the Trust Company, the dividends received by it from the First National Bank on the bank stock owned by the Trust Company were not taxable as income to the Trust Company. See Sec. 10960. As to whether the $6,284.27 item was a profit depended on the facts relative thereto. The State Auditor treated it as a profit. The $116,775.41, as indicated in (3), supra, is made up, as we infer, of interest on Missouri and United States obligations, and of what is termed, according to plaintiff, mere book profits in security accounts. The interest on Missouri obligations was $1,442.71, and on United States obligations, $14,632.57. The interest items were not taxable income as to the Trust Company. See Sec. 11348. In the brief, plaintiff says that the State Auditor arrived at the $116,775.41 "by totally disregarding items properly includable in income or deductible from income because such items were charged or credited direct to the profit and loss account and were not itemized in the accounts appearing in the annual report of operation which Mr. Allen (who made the audit) used in part for making his determination." So it would seem that the interest on the Missouri and United States obligations, according to plaintiff, is not included in the $116,775.41, as indicated, supra, in (3), but reasoning by a process of elimination, we can find no other place for it. However, the question is not important, as we shall presently see, nor is it important to determine as to the $6,284.27 item.

As indicated in (4) the Trust Company owned the stock of the St. Louis Realty & Securities Company, and the $21,248.45 item was a dividend declared by that company, but not turned over to the Trust Company. Sec. 11345 provides that "dividends on corporate stock owned by another corporation shall not be income of the corporation receiving such dividends where the corporation declaring the dividend has paid its tax to this state on the portion of its income subject to tax by this state." There was evidence that the St. Louis Realty & Securities Company paid the state income tax on the dividend retained by it, and there was no evidence to the contrary. Hence, it appears that the dividend on the bank stock, the interest on the Missouri and United States obligations, and the dividend on the St. Louis Realty & Securities Company stock did not constitute taxable income as to the Trust Company. However, the question as to whether all these

items going to make up the $537,745.41 were or were not *in fact* taxable income to the Trust Company is not important because the question for decision is whether nontaxable income to the Trust Company retains its nontaxable status when distributed to the stockholders. Defendants (respondents) in the brief, say:

"Respondents have not and do not contend, but in fact consider (concede) that the items complained of by appellant are not subject to corporation income tax of the distributing company (Trust Company) in Missouri, but do assert that there is no reason under our statutes why such exemption should carry on and inure to the benefit of the company (Trust Company) stockholders when such stockholders receive dividends."

Plaintiff is not complaining about paying the $17.80. His purpose is to obtain a construction of Sec. 11350. Hence, we shall assume that 80.895% of plaintiff's $1100 dividend was derived from income to the Trust Company that was nontaxable as to the Trust Company. So assuming, it is mathematically correct to say that the state received as income tax on the $1100 dividend received by plaintiff, only 19.105% of the 2%, that is, 19.105% of the $22, or $4.20. Should plaintiff pay the remaining $17.80? Defendants say he should and, as stated, rely on Sec. 11350. On the other hand, plaintiff says he should not be so required, and as stated, relies on said Sec. 11350 when read in connection with Secs. 11343 and 11345.

Sec. 11350 follows: "For the purpose of this article (taxation of incomes) the tax on income included in the return of any stockholder of any corporation . . . shall be credited with the amount obtained by multiplying the rate of the Missouri state tax (2%) on corporate income by the *amount or portion* of such dividends or net earnings . . . upon which such corporation . . . paid income tax to the State of Missouri for its last preceding taxable period . . . " (italics ours).

Standing alone, there is, as we see it, no support in Sec. 11350 for the contention that plaintiff was entitled to deduct the full 2% on the $1100, but, as stated, plaintiff says that Secs. 11350, 11343 and 11345 are in pari materia, and that when so considered they support his contention that he was entitled to deduct the full 2% of $1100. Sec. 11343 prescribes the rate of tax to be levied upon the income of individuals, joint stock companies, joint stock associations, and corporations, domestic and foreign. As to foreign corporations only the income derived from "sources within this state" is subject to the income tax, and as we have seen, there are certain incomes of corporations not taxable under the state income tax law. Sec. 11343 is long and contains many provisions other than as to rates, but there is nothing therein, as we read, to support plaintiff's contention. Sec. 11345 defines *income* in its relation to its various sources, and as we read, there is nothing therein to support plaintiff's contention.

What is now Sec. 11350 was Sec. 10121, R. S. 1929, and was as follows: "For the purpose of this article the income returned shall be credited with such proportion of the amount received as dividends upon the stock or from the net earnings of any corporation [599] (including joint stock company or association, trustee or insurance company). as such corporation's income taxed in this state during the preceding taxable year bears to its total net income for the same period . . . "

In 1931, Laws 1931, p. 365, Sec. 10121 was repealed and a new section enacted in lieu thereof. The new section has come down without change and is now Sec. 11350.

In the brief plaintiff says that "there is no warrant in law for computing the *portion* applicable to stockholders' credit under section 11350 upon a different basis than the *portion* applicable to the corporations income under section 11343, which the corporation is required to report as paid to stockholders under section 11345." But as stated, certain incomes of corporations are not taxable income as to the corporation, but this is only because the statute so prescribes —examples—Sec. 10960 makes the dividend from the First National Bank *to* the Trust Company nontaxable as to the Trust Company, and Sec. 11348 makes the interest on the Missouri and United States obligations nontaxable income as to the Trust Company. But it would indeed be a farfetched construction to say that this immunity is *inherent* in such income and *ran with it,* so to speak, so as to still be nontaxable income *after* distribution to stockholders. The immunity extends no further than the statute provides, and that is to the Trust Company only.

As it appeared in the 1929 Revised Statutes, what is now Sec. 11350 seems to have been clear enough, but certainly we can see no ground to argue as to the meaning of the section as it now is. Does not Sec. 11350 say that plaintiff's state income tax "shall be credited with the amount obtained by multiplying the rate of the Missouri state tax on corporate income (2%) by the amount or portion of such dividends" upon which the Trust Company paid the tax? The amount or portion upon which the Trust Company paid was 19.105% of $1100, or $210.14. And if we multiply as directed we will multiply $210.14 by 2% (.02), which gives $4.20. Is not the $4.20 the *amount* that plaintiff is entitled to credit upon his state income tax? Clearly we think so. And Sec. 11350 is wholesome and just. Otherwise, the 19.105% of plaintiff's 1939 income would be double taxed. As plaintiff would construe, the whole of the $22 would be credited. If such construction is correct, then why have any such section as 11350? If Sec. 11350 should be construed as plaintiff contends, then is it not reasonable to say that the legislature would have said so in a statute simply providing that income derived from dividends on corporation stock was not taxable for state income tax if the corporation paid any part thereof?

It appears in the record that the Trust Company paid out in dividends in 1938 the sum of $687,500.09. The net income in 1938, as determined by the State Auditor, was $664,750.43. The dividends paid out exceeded the net income by $22,749.57. It will be observed that Sec. 11350 says that the stockholder's state income tax "shall be credited with the amount obtained by multiplying the rate of the Missouri state tax on corporate income (2%) by the amount or portion of such *dividends, or net earnings* . . . " (italics ours). It may frequently occur, as here, that the dividends distributed will exceed the net earnings. If the dividends distributed are equal to or greater than the net earnings, then in determining the amount the stockholder may deduct from his state income tax, the taxable net income of the distributing corporation will be the numerator and the net income the denominator of the fraction or portion the stockholder may deduct. In the present case the fraction is $127,005.02 over $664,750.-43, which, decimally expressed, is .19105.

But if the dividend distributed is less than the net income, then in determining the amount the stockholder may deduct from his state income tax, the taxable net income of the distributing corporation will be the numerator and the total dividend distributed the denominator of the fraction or portion the stockholder may deduct.

Illustration: Assume that the Trust Company's net income in 1938 had been $500,000; that its taxable income had been $100,000; that it distributed $400,000 in dividends; and that plaintiff had received $1,000 dividend on his stock. In such case, in determining the portion plaintiff could deduct, the fraction would be $100,000 over $400,000, or ¼. That is, he could deduct 2% of 25% (¼) of $1,000; that is, 2% of $250, or $5.00:

Plaintiff makes the point that the State Auditor's office, over a period of years, has construed Sec. 11350 and its predecessor as plaintiff contends. And in the brief, plaintiff says that "the construction placed upon the taxing statute by the officers entrusted with its performance is entitled to substantial weight in determining the intent of the statute, if such construction is not contrary to the plain meaning of the statute, particularly where such construction has continued over a period of years and the legislature has reenacted the statute with presumptive knowledge of such construction," citing State ex rel. Barrett v. First National Bank, 297 Mo. 397, 249 S. W. 619; State ex rel. Koeln v. St. Louis Y. M. C. A. et al., 259 Mo. 233, 168 S. W. 589; Automobile Gasoline Co. v. City of St. Louis et al., 326 Mo. 435, 32 S. W. (2d) 281; In re Bernays' Estate, 344 Mo. 135, 126 S. W. (2d) 209; In re Kansas City Star Co., 346 Mo. 658, 142 S. W. (2d) 1029; Robertson, Supt. v. Manufacturing Lumbermen's Underwriters et al., 346 Mo. 1103, 145 S. W. (2d) 134.

Defendants concede that the State Auditor's office has construed Sec. 11350 as contended for by plaintiff, but defendants say that "in

August, 1941, the Auditor issued instructions to his income tax field agents to allow credit only for the portion of the dividends received by a stockholder upon which the corporation had paid a state income tax. These instructions conflict with the prior printed interpretations. Due to this conflict, no long standing, uniform and consistent executive interpretation of the section (11350) exists. Therefore, the Auditor's construction should not be considered."

As appears, plaintiff concedes that if a statute is plain, that is, not ambiguous, then contemporaneous construction is without weight in determining construction. We have held, supra, that there is no room to argue on the meaning of Sec. 11350.

The judgment should be affirmed and it is so ordered. *Dalton* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.