STATE OF MISSOURI, at the Relation of R. O. DE WEESE, Appellant, v. M. E. MORRIS, Director of Revenue, Respondent, No. 40938—221 S. W. (2d) 206.

Division Two, May 9, 1949.

Opinion Modified on Court's own Motion and Motion for Rehearing or to Transfer to Banc Overruled, June 13, 1949.

█

*Haw & Haw* for relator.

196

*J. E. Taylor,* Attorney General, *Tyre W. Burton* and *Harry J. Salsbury,* Assistant Attorneys General, for respondent.

BOHLING, C.—R. O. DeWeese instituted certiorari proceedings to review the propriety of an "additional assessment" of $729.66 under the Sales Tax act, a State revenue law, by the Director of Revenue of the State of Missouri, and he also attacks the validity of said law. (Statutory references are to the Sales Tax act of 1945, viz.: Laws 1945, pp. 1865-1881, §§ 11407-11455A, and correspondingly numbered sections in Mo. R. S. A.) He appeals from a judgment sustaining said "additional assessment." Appellate jurisdiction is here. Orr v. Hoehn, 353 Mo. 426, 182 S. W. 2d 596[1]; State ex rel. Martin v. Childress, 345 Mo. 495, 134 S. W. 2d 136, 138[2] and authorities cited; Mo. Const. 1945, Art. IV, §§ 12, 22.

Relator was in the restaurant business from January 1, 1945, to September 24, 1946, operating the Farmers Cafe, at Charleston, Missouri, daily, except Sunday.

On April 24, 1947, relator was notified of an additional sales tax assessment of $669.76 ($416 additional tax, $41.60 penalty, and $212.16 interest), which was based upon estimated unreported gross receipts at the rate of $1,000 a month for the time he was in business.

Relator filed "a petition for reassessment" (§ 11428) and the hearing thereon resulted in an order assessing an additional sales tax of $729.66 (the aforesaid $416 additional tax, plus a penalty—we understand—under § 11433, and three percent monthly interest on the tax, § 11430).

Relator timely filed his petition for a writ of certiorari (§ 11445); and the proceedings certified by the Director of Revenue pursuant thereto, in addition to the matters mentioned hereinabove, show the following:

Norman Johns, Field Representative of the Director of Revenue, notified relator on August 16, 1945, to keep records of his daily gross sales as required by § 11421.

The additional sales tax assessment of April 24, 1947, and the notice to relator thereof is to the effect relator "failed to collect, make proper return and remit" the correct sales tax, that his gross taxable receipts (we understand unreported) aggregated $20,800, that is, accrued at the estimated rate of $1,000 a month, and that relator "fraudulently and evasively failed to make return and remit sales tax on said sum in the amount of $416.00."

Relator testified that he made proper sales tax returns and paid all sales taxes due; that the returns were correct "to the best of my knowledge. They were taken off my daily reports"; that he did not owe the $416 additional sales tax; that he kept a record of his daily gross sales after being requested to do so but had lost his record book in Wichita, Kansas, or Kentucky. Relator bought the business from Mr. White and sold it to Mr. E. B. Walker and another person.

Mr. Johns, the sole witness for the Director of Revenue, testified that following his notifying relator to keep a daily record of sales, he again contacted relator March 21 and 22, 1947; that relator did not have any records showing the business done; and that witness asked the Director of Revenue to assess an additional tax; that he based his conclusions upon what relator's predecessor and successor did; that he secured figures from Mr. White and copies of his reports and figures from Mr. Walker; that, over the objection this evidence was incompetent, hearsay and guess, the following figures were given for Mr. White's sales: "July, 1943, $1,868.52; October, 1943, $2,075.20, September, 1943, $2,125.58, October, 1943, $2,728.92"; "July, 1944, $1,744"; and for relator's successor in the business: "Five days of September, 1945, to February, 1947. September, $275.00; October, $801.00; November, $974.00; December, $1,049.00; January, $1,675.00; and February, $1,529.60."

Mr. Johns based the "reassessment" on this information and the fact that relator ▮▮▮▮ had no records. "Q. You had no information directly about Mr. DeWeese's business? A. I did not think I needed it."

Witness also stated, over objection that the answer was a mere conclusion, that his "idea" was relator did as much business as either Mr. White or Mr. Walker. He stated he was in Charleston every week or two; that he did not patronize relator's cafe, never had eaten there, and never stood around or counted the customers; that his conclusion was based on information "given to me by George Marable and other persons as the best place in town to eat."

This hearing resulted in findings that relator made monthly tax remittances aggregating $212.41, representing $10,620.50 of sales subject to tax; that relator's predecessor and successor did a larger business than relator reported doing; that relator's successor reported $270 "for the last six days of September, 1947," for one-fifth of the month, whereas relator reported only $540 in sales for the first twenty-

three days of said month; that witness Johns' estimate of sales averaging "at least $1,000.00 per month is not at unreasonable estimate," being probably less than the actual business of a retsaurant having the reputation of being the best place to eat in Charleston.

The Sales Tax act of 1945 became effective July 1, 1946 (Laws 1945, p. 1881, § 2), and, so far as here involved, continued (Id., § 11455A) the provisions of the Sales Tax act of 1943 (see Laws 1943, pp. 1012-1029) in force and effect until the final collection of all taxes due and payable thereunder. No change of the provisions of said laws materially affecting the instant situation has been pointed out by counsel and our search has revealed none.

The Director of Revenue, if not satisfied with the return and payment of the tax by any person, is authorized "to make an additional assessment of tax due from such person, based upon the facts contained in the return or upon any information within his possession or that shall come into his possession." § 11420.

The Director of Revenue is directed to "make an estimate based upon any information in his possession or that may come into his possession, of the amount of the gross receipts" for the period involved and assess the tax, together with a penalty of ten percent, thereon, if any person subject to the act neglects or refuses to make a return and payment of the tax as required by the act. § 11426. If the Director of Revenue discover "fraud or evasion on the part of a person" subject to the act, he is directed to add a penalty of twenty-five percent to the tax assessed. § 11433.

One subject to the Sales Tax act is required to keep records "of his gross daily sales" et cetera, which records et cetera are to be preserved for two years and are subject to inspection by the Director of Revenue or his authorized employees. § 11421.

The Director of Revenue or any employee of that department, when authorized in writing by said Director, "may hold investigations and hearings" concerning any matter within the act, "may require . . . the attendance" of any person having knowledge of sales subject to the act by the person under investigation, may administer oaths, "and may take testimony and require proof for his information." The conduct of such investigations or hearings is not "bound by the technical rules of evidence." § 11422.

The 1945 Missouri constitution, Art. V, § 22, provides that all decisions "of any administrative officer or body existing under the Constitution or by law, which are judicial or quasi-judicial and affect private rights," are subject to review by the courts," and such review shall include the determination . . . in cases in which a hearing is required by law, whether the same are supported by competent and substantial evidence upon the whole record." (Laws 1945, p. 33, Mo. Const. Art. V, § 22.) Legislation implementing this constitutional provision was enacted in 1945 and embraces like provisions. Laws

1945, p. 1509, § 10(f) (3); Mo. R. S. A., § 1140.110(f) (3), which act also implements Mo. Const. 1945, Art. IV, § 16.

The Director of Revenue mentions the rebuttable presumption of right action on the part of public officials. Consult Wymore v. Markway, 338 Mo. 46, 89 S. W. 2d 9, 14[12]. However, the instant writ of certiorari called for the certification of the ▮▮▮ record upon which the Director of Revenue based his action. From it we have before us the facts upon which he acted and the presumption takes flight. State ex rel. United Mut. Ins. Ass'n v. Shain, 349 Mo. 460, 162 S. W. 2d 255, 263[11]; Brannock v. Jaynes, 197 Mo. App. 150, 193 S. W. 51, 55[7].

Relator's objections to the evidence offered by witness Johns to the effect its material portions were incompetent, hearsay, speculation and conjecture were well taken. The provisions of the Sales Tax act relaxing the technical rules of evidence yield to the constitutional provisions, and statutory enactments implementing the same, that determinations of administrative officers and bodies of contested issues are to be "supported by competent and substantial evidence upon the whole record," if the provisions of the Sales Tax act ever authorized the imposition of the tax on evidence that was not competent and substantial.

We shall not analyze the figures hereinbefore set out and stated into the record by Field Representative Johns. There is nothing in this record to establish that they are true and correct. Any determination of issues involving a comparison of sales of relator with his predecessor or successor should take into consideration relator's failure to operate on Sunday. Whether his predecessor or successor operated seven days a week is not disclosed of record. There is no evidence of probative value that relator's sales approximated those of his predecessor or successor.

Witness Johns, upon whose testimony the reassessment depends, thought he did not need any direct information about relator's business. He disclosed his lack of testimonial qualifications upon which to base his "idea" relator did as much business as his predecessor or successor. He had never eaten at relator's cafe, and he never undertook to observe and count relator's customers. No one ever told him how much business relator did and he did not know the testimonial qualifications, if any, of the persons upon whose statements he based his testimony. Unsworn statements of "George Marble and other persons" as to the best place in town to eat do not establish the constitutive elements involved in a sales tax assessment. Compare this with the testimonial qualifications of the witness and the competency and substantiveness of the testimony upon which the holding is based in Van Hoose v. Smith, 355 Mo. 799, 198 S. W. 2d 23, 25, 26.

It stands adjudged that hearsay evidence and conclusions based upon hearsay do not qualify as "competent and substantial evidence

upon the whole record'' essential to the validity of a final decision, finding, rule or order of an administrative officer or body under § 22, Art. V of the Missouri constitution of 1945. The practically identical provision (Laws 1945, p. 1509, §10(f) (3); Mo. R. S. A., § 1140.110 (f) (3)) of the Administrative Review act, which implements said § 22 of the Constitution, calls for like reasoning and a like holding. The rule against hearsay evidence is based on the propriety of the confrontation and the cross-examination of the witness having personal knowledge of the facts adduced, and his veracity alone. Goetz v. J. D. Carson Co. 357 Mo. 125, 206 S. W. 2d 530, 532[1-5]; Seabaugh v. Garver Lumber Mfg. Co., 355 Mo. 1153, 200 S. W. 2d 55, 62[1, 2]; Wood v. Wagner El. Corp., 355 Mo. 670, 197 S. W. 2d 647, 649[1-5, 12]; State ex rel. Dail v. Public Serv. Comm. (Mo. App.), 203 S. W. 2d 491, 499[4-6]. Consult Laws 1943, p. 388, § 114(d); Mo. R. S. A., § 847.114(d). The fact that technical rules of evidence do not control has been considered to permit of leading questions and other informalities but not to abrogate the fundamental rules of evidence. Novicki v. Department of Finance, 373 Ill. 342, 26 N. E. 2d 130, 131 [1-4].

Probative circumstantial evidence is sufficient to establish facts, but mere hearsay is insufficient to impose taxes and penalties.

What we have said disposes of this review and incidentally eliminates some of the constitutional issues mentioned by relator. Courts generally do not pass upon constitutional issues if the case may be disposed of properly on other points. Skinner v. St. Louis, I. M. & So. Ry. Co., 254 Mo. 228, 230, 162 S. W. 237; State ex rel. Volker v. Kirby, 345 Mo. 801, 808, 136 S. W. 2d 319, 322, and authorities cited.

Accordingly, the judgment is reversed and the cause is remanded with directions to quash the record made and to remand the cause to the Director of Revenue for such further action as he may be advised to take in conformity herewith. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. *Leedy, J.,* and *Tipton, PJ.,* concur; *Ellison, J.,* dissents.