Charles A. PETTUS, Appellant,

v.

A. R. CASEY, d/b/a Casey Hardware Co.,
Respondent.

No. 48739.

Supreme Court of Missouri,

Division Number 2.

June 11, 1962.

---

Derrick & Holderle, Tyree C. Derrick, St. Louis, Robert A. McIlrath, Flat River, for appellant.

Roberts & Roberts, J. Richard Roberts Farmington, Dearing, Richeson & Weier, Hillsboro, for respondent.

STORCKMAN, Judge.

The plaintiff obtained a verdict and judgment of $25,000 for personal injuries alleged to have been received as the result of a collision of motor vehicles. The defendant's motion for new trial was sustained and the plaintiff appealed.

In ruling the motion for new trial, the trial court failed to specify of record the grounds upon which the new trial was granted. S.Ct.Rule 83.06(b), V.A.M.R. Nevertheless, the appellant did not serve on the respondent the statement provided by the rule which would have required the respondent to file the first brief and to assume from the beginning the burden of supporting the trial court's action. The rule provides that such statement shall be served "on or before the time required for filing the transcript on appeal." Instead, the appellant filed the original brief which was devoted to establishing the procedures which are plainly provided by the supreme court rule. The respondent in his brief specified two instances in which he claimed the trial court erred in admitting evidence over his objection. The appellant then filed the reply brief. The appellant's failure to file the statement provided by the rule resulted in his filing an unnecessary brief. It deprived the defendant of his right to file the reply brief. The court is in effect deprived of the benefit of any reply brief. In the circumstances of this case, however, we are not called upon to decide what, if any, effect such failure has upon the burden imposed by the rule and we do not do so. We mention the matter as a caveat that the rule should be followed for the benefit of all concerned.

Because of the limited issues presented on appeal, it will not be necessary to make an extensive statement of the facts. The plaintiff lived in Desloge, Missouri, and was employed as a hoisting engineer by the Meramec Mining Company at one of its mines northwest of Potosi. He traveled by automobile to and from work each day. On September 9, 1958, the plaintiff, accompanied by a fellow workman, was driving his automobile eastward on Highway 8 when he encountered a school bus headed westward and stopped on the highway to pick up school children. The crest of a hill was a short distance west of where the bus was stopped. The plaintiff brought his automobile to a stop on the south half of the highway with its front end about three or four feet west of the front end of the bus. The plaintiff's automobile had been stopped in this position for at least thirty seconds when it was struck from the rear by the defendant's truck being operated by defendant's employee, Ernest Walton, eastwardly on Highway 8 and was knocked eastwardly a distance of about thirty-five feet. The plaintiff testified that as a result of the

collision his head was thrown backward and forward in a whiplash fashion and that he has suffered from pains in the back, neck and head, and some atrophy and pain in the left arm and leg. The defendant's liability, as well as the nature and extent of plaintiff's injuries, were disputed.

The defendant's first contention is that the trial court committed prejudicial error in allowing the plaintiff to read into evidence as a part of plaintiff's case portions of the deposition of Ernest Walton, the defendant's truck driver, who was in the courtroom at the time but was not called as a witness. The plaintiff offered parts of the deposition as "statements against interest". The defendant objected but the court permitted parts selected by the plaintiff to be read to the jury. In general the portions read tended to prove that the witness Walton was employed by the defendant and was driving the truck delivering "bottle gas" at the time of the accident; that he did not see the plaintiff's automobile until he "tipped over the hill" at which time it was 100 or perhaps 150 feet down the road; that he was driving 40 to 45 miles an hour and could see the top of the school bus before he saw the plaintiff's automobile; that he applied his brakes and skidded 75 to 80 feet before striking the plaintiff's automobile from the rear. At the conclusion of the reading of the statements from the deposition, the defendant moved that the evidence be stricken which motion was denied. The defendant then moved for a mistrial on the ground the admission of the evidence was erroneous and prejudicial. This motion was also denied. Although Mr. Walton was in the courtroom, he was not offered as a witness by either the plaintiff or the defendant. Nothing further was offered from the deposition by either party.

■ As a general rule, a deposition cannot be read in evidence where the deponent is present in court except to impeach his testimony as a witness or as an admission against interest. Winegar v. Chicago, B. & Q. R. Co., Mo.App., 163 S.W.2d 357, 367 [11]; Wilt v. Moody, Mo., 254 S.W.2d 15,

18[2]; Barber Asphalt Paving Co. v. Ullman, 137 Mo. 543, 38 S.W. 458, 465. Since Mr. Walton did not testify at the trial, the evidence was not admissible for impeachment purposes. In fact it was not offered on that theory.

■ The excerpts from the deposition of Mr. Walton were not competent as admissions against interest because the deponent was not a party to the action nor was he in privity with any party to the action. Roush v. Alkire Truck Lines, Mo., 299 S.W.2d 518, 520–521. There was no attempt to justify the reading of the deposition for any of the reasons specified in S.Ct.Rule 57.29, V.A.M.R. Clearly, the court erred in permitting the depositional statements to be read in evidence.

■ The plaintiff chiefly relies upon his contention that defendant was not prejudiced by the admission of the evidence because (a) the facts were already in evidence and were not disputed, (b) the verdict and judgment were for the right party, and (c) the defendant ratified the evidence because he adopted and relied upon it as a basis of his verdict-directing instruction. It is true that the plaintiff, his passenger, Vernon Limball, and the bus driver, Dave Evans, had previously testified concerning the same general subject matter covered by the excerpts from the deposition. Mr. Limball testified that the plaintiff's automobile was within two or three-car lengths of the bus when he first saw it, and that the plaintiff had to bring his automobile to a sudden stop. The plaintiff had testified that he had stopped his automobile three or four feet from the front of the school bus and the distance from the crest of the hill on the west to where his car was struck was about 100 feet. The testimony of these witnesses alone was a sufficient basis for the defendant's verdict-directing instruction. It cannot be said that the defendant adopted, relied on, or ratified the evidence from the Walton deposition.

■■ Even though there had been no contrary evidence, the burden was upon the

plaintiff to prove his case, and the jury could believe or disbelieve the plaintiff's evidence although it was not disputed. The plaintiff's contention further assumes that, if the defendant had had the opportunity to cross-examine as a live witness, he would not have been able to develop any facts or circumstances favorable to his case. It is conceivable that Walton's testimony would have had a different connotation than appeared from the isolated excerpts if the defendant's truck driver had been interrogated on such matters as the weight of his load and his ability to stop his truck, taking into consideration that the distance in which he had to stop was the length of plaintiff's car shorter than the distance in which the plaintiff had to stop. Also the fact that Walton was or had been the defendant's employee might very well have given his statements greater weight from the jury's standpoint, and by using the deposition the plaintiff was able to select the passages most favorable to him thereby obtaining a definite advantage. We cannot agree that the Walton statements added nothing by way of scope or weight to the evidence already in the case.

The plaintiff urges that the burden is upon the defendant to show that the trial court sustained the motion on some nondiscretionary ground, citing S.Ct.Rule 83.06 and § 510.330, RSMo 1959, V.A.M.S., and cases adjudicated pursuant thereto; and that under § 512.160 an appellate court shall not reverse a judgment unless the court believes that error was committed which materially affected the merits of the action. Also under this point the plaintiff cites fifteen additional cases dealing with situations in which errors in the admission of evidence have been held harmless on the theory that the evidence was merely cumulative or was unnecessary to the issues and innocuous for where the verdict and judgment were for the right party, or the judgment was the only one that could stand as a matter of law. We have read all of these cases and find them not controlling or helpful in the circumstances of this case. On the record before us, we cannot say as a matter of law that no other verdict could stand.

█ As a general rule, the introduction of a deposition or a part thereof by a party for any purpose other than contradiction or impeachment makes the deponent the witness of the party introducing the deposition. Eickmann v. St. Louis Public Service Co., Mo., 323 S.W.2d 802, 809 [13].

██ The right to cross-examine a witness who has testified for the adverse party is absolute and not a mere privilege. Houfburg v. Kansas City Stock Yards Co. of Maine, Mo., 283 S.W.2d 539, 548 [21]; State v. Laspy, Mo., 298 S.W.2d 357, 359 [1]; 98 C.J.S. Witnesses § 368, p. 114. The right of a party to test by cross-examination the veracity and accuracy of the person making the statement offered in evidence is the principal reason for the hearsay rule. Sconce v. Jones, 343 Mo. 362, 121 S.W.2d 777, 781 [2]; State ex rel. De Weese v. Morris, 359 Mo. 194, 221 S.W.2d 206, 209 [6].

█ A trial court may properly exercise its discretion as to the scope and extent of cross-examination, but it is not within the court's discretion to prevent cross-examination entirely. State v. Thompson, Mo., 280 S.W.2d 838, 841 [6]; Gurley v. St. Louis Transit Co., Mo.App., 259 S.W. 895, 898 [5]. The admission in evidence of the depositional statements of Walton when he was in the courtroom had the effect of denying and preventing the cross-examination of the witness to which the defendant was entitled as a matter of right. For this reason, if no other, the error was prejudicial and justified the grant of a new trial.

The defendant's second assignment of error was that the court erred in allowing the plaintiff to elicit testimony that the accident in question aggravated a pre-existing arthritic condition when such condition and its aggravation had not been pleaded. Since we have decided that the grant of the new trial was justified on another ground, we

will not undertake the futile and unnecessary act of deciding the second ground urged. The matter complained of may easily be avoided in connection with a retrial.

Because the trial court committed prejudicial error in admitting in evidence excerpts from the deposition of the truck driver Walton, the order granting a new trial is affirmed and the cause remanded.

All of the Judges concur.