**LEMAY BANK AND TRUST COMPANY, Plaintiff-Appellant,**

v.

**OAKVILLE BANK AND TRUST COMPANY et al., Defendants-Respondents.**

No. 35787.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Dec. 30, 1974.

Bahn & Saitz, Robert W. Saitz, St. Louis, for plaintiff-appellant.

Greensfelder, Hemker, Wiese, Gale & Chappelow, St. Louis, Ronald E. Fischer, Division of Finance, Irven L. Friedhoff, Division of Finance, Jefferson City, for defendants-respondents.

SMITH, Presiding Judge.

Lemay Bank and Trust Company appeals from a judgment of the trial court affirming an order of the State Banking Board. The Banking Board's order had in turn affirmed the action of the Commissioner of Finance granting the incorporation of Oakville Bank and Trust and authorizing that company to conduct banking business at 5500 Telegraph Road in St. Louis County. We affirm. The standards for judicial review of this case have been fully set forth in two recent cases, Central Bank of Clayton v. State Banking Board of Mo., 509 S.W.2d 175 (Mo.App.1974) and Blue Ridge Bank v. State Banking Board, 509 S.W.2d 763 (Mo.App.1974), and need not be repeated here.

Lemay premises error mainly upon the contention that the findings and order of the Banking Board were not supported by competent and substantial evidence upon the whole record. Support for this argument requires in turn a contention that much of the evidence upon which the Board's decision was based was hearsay, or conclusions drawn from hearsay, and although not objected to, cannot be regarded as substantial and competent. Included in this category is (1) the Commissioner's file including the report of the Assistant Deputy Finance Commissioner and his field investigator, (2) testimony of witnesses, including Lemay's, regarding prospective growth of the service area of the proposed bank, and (3) census data and conclusions drawn therefrom. Lemay relies upon cases originating with State ex rel DeWeese v. Morris, 359 Mo. 194, 221 S.W.2d 206 (Mo. 1949) to support its contention.

Several considerations make *Morris* inapplicable. (1) The material there involved was objected to, it was not here (see Sec. 536.070(8) RSMo 1969 V.A.M.S.); (2) *Morris* dealt with the determination of tax deficiency based upon a hearsay determination of what a previous and a subsequent owner had grossed in the business; (3) *Morris* arose before the enactment of Sec. 536.070(11) [1] specifically permitting the results of statistical examinations, interviews, surveys, and ascertainment of many related facts to be admitted into evidence at the administrative hearing.

---

1. All statutory references are to RSMo 1969 (V.A.M.S.).

Sec. 362.030 RSMo 1969, V.A.M.S., provides the statutory standards to be used in determining whether a bank charter should be issued. Facts to be determined include the convenience and needs of the community to be served, the probable volume of business of the new bank, its potential for solvency, and the effect of the new bank upon the solvency of other banks in the locality. Obviously, "facts" of this nature are not capable of exact proof, they must fall into the area of educated prediction. They are inevitably to be determined by a factfinder vested with a certain expertise relying upon opinions of experts in the field which opinions in turn are based upon a knowledge of the area, the business involved, the nature of the people to be served, the general economic climate and other factors relied upon by businessmen generally but incapable of precise proof.

■ Section 362.030 requires the Commissioner to cause an investigation to be made to determine those "facts". That was done here by persons shown to be qualified to make such investigations and who testified and were available for cross-examination. Sec. 536.070(11) specifically provides that the results of such investigations are admissible in such circumstances. The material complained of in the Commissioner's file was properly admitted and is competent and substantial evidence upon which to base a decision.

■ The testimony of witnesses concerning prospects for the new bank and its effect upon surrounding banks was also properly admitted and was "competent and substantial". These witnesses were people either familiar with the area to be served and its populace or people with an expertise in the banking business or both. They were experts and their opinions were properly admitted and considered.

■ The census tracts and certain highway usage charts were official publications admitted without objection. They were admissible and could be considered. State ex rel St. Louis-San Francisco Railway Co. v. Public Service Commission, 439 S. W.2d 556 (Mo.App.1969 [6]). Having concluded that the evidence under attack is "competent and substantial" we find the evidence to warrant the following facts.

Oakville is a clearly defined, albeit unincorporated, community in southeast St. Louis County. In recent years its character has changed from rural to residential. This trend is expected to continue. No bank is located in Oakville. There is little industrial or commercial development in the area, but in view of the residential development, commercial development can be expected in the near future. Lemay, as well as some surrounding banks, have serviced the Oakville Community. The proposed Bank would take substantial deposits from Lemay and would affect Lemay's growth, but would not threaten its solvency or ability to make a profit. It would have minimal effect on other banks. The proposed bank would be predominately a residential bank initially and the projected deposits would, if realized, enable it to show a profit in each of its first three years. Surrounding bankers believed in 1972 that a full service bank was not necessary to service the area for three or four years. It was their belief that a facility would be sufficient and Lemay has applied for a facility in close proximity to the proposed new bank site. It would be a convenience to the residents of the area to have banking facilities in the area. The requisite capital has been subscribed, paid in actual cash and is ready for use in the transaction of business. The character, responsibility and general fitness of the persons named in the articles of agreement are such as to command competence and warrant belief that the business of the bank will be conducted honestly and efficiently.

■ These facts establish the statutory requirements for the granting of the charter.

■ Lemay also contends that the record fails to establish the ownership or

right to use by the applicant of the real estate upon which the bank is to be located. We believe the record is sufficient to establish the right to use the land. Even if it is not, that is not critical to the case. Under Sec. 362.035 RSMo 1969, V.A.M.S., if the bank wishes to locate at a different place than that granted in its charter it must apply to the Commissioner for authority. It obviously cannot commence business until it has a location approved by the Commissioner, either in this proceeding or in a subsequent one. The precise location is not critical to the present proceeding.

We have examined Lemay's other contentions and find them without merit. There is no precedential value in discussing them.

Judgment affirmed.

KELLY and STEWART, JJ., concur.