HESS CONSTRUCTION CO., a Corporation, Plaintiff-Respondent,

v.

STATE TAX COMMISSION of Missouri, Defendant-Appellant.

No. 39965.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 30, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 16, 1979.

Application to Transfer Denied
May 17, 1979.

---

Thomas W. Wehrle, George W. Lang, II, Assoc. County Counselor, Karen Weinhaus, Clayton, for defendant-appellant.

David R. Hess, Clayton, for plaintiff-respondent.

CRIST, Judge.

State Tax Commission appeals order of the Circuit Court of the County of St. Louis reversing and remanding for rehearing the Commission's decision regarding assessments on two adjacent parcels of real estate. We affirm.

The two improved parcels in issue are owned by Hess Construction Company, respondent and taxpayer herein. Hess challenges the 1976 assessed valuations of the properties. It took its initial appeal before the County Board of Equalization, which denied its application for reduction. On appeal to the State Tax Commission, a hearing was held at which Hess and the St. Louis County Department of Revenue presented expert appraisal evidence as to value and methods of valuation.

The determinative issue is whether the decision of the Commission was supported by competent and substantial evidence upon the whole record. Mo.Const., Art. 5, § 22 (1945); § 536.140, subsection 2(3), RSMo. 1969; Rule 100.07(b). The expert witnesses utilized several methods in appraising the value of the properties.

The Commission, in its order, determined in each case that an assessment based upon the "gross possible income" from the rental properties was the most accurate measure of the fair market value or "true value in money" of the parcels. The Commission then viewed the evidence to determine the rental value of the office space within the respective buildings. Our inquiry is whether the evidence relied upon by the Commission was competent and substantial. If it was not, the decisions must be reversed.

The primary point raised by Hess is that the conclusion of the Commission, as to one of the parcels "that for the rents involved all that was provided was a shell and that all interior construction was done at the expense of the [tenants]", and as to the other, that "the rent for the first floor is that paid only for a shell since the [tenant] constructed his own interior and thus owns those improvements and does not pay rent on them", was based upon hearsay evidence. Hess cites the Commission's order to demonstrate that this hearsay evidence was expressly relied upon to determine that the actual rent received by Hess for each building was in part for a "shell" and thus was not a fair market rental. It thus resorted to the County assessor's testimony of "comparable rents" as the only evidence of the true "economic rent".

The record indicates that the source of the Commission's information as to the extent of the first floor property on which rent was actually paid was the testimony of the County's expert witness, which in turn was based upon statements made to him by third parties. The hearsay testimony recounted specific facts describing unique characteristics of the properties involved and was offered to prove their truth. This is distinguishable from a situation in which an expert testifying as to value bases his opinion in part upon his investigation and inquiries concerning comparable sales. *See State ex rel. State Highway Commission v. Jasper,* 544 S.W.2d 554, 556 (Mo.banc 1976).

In a contested State administrative proceeding probative evidence received without objection "shall be considered by the agency along with the other evidence in the case." Section 536.070(8), RSMo.1969. Recent Missouri decisions are in accord with the principle that evidence received without objection may be utilized to support the conclusions

of an agency. *State ex rel. Sansone v. Quinn*, 426 S.W.2d 917, 920 (Mo.App.1968); *Lemay Bank & Trust Co. v. Oakville Bank & Trust Co.*, 518 S.W.2d 128, 129 (Mo.App. 1974). Cf. *State ex rel. DeWeese v. Morris*, 359 Mo. 194, 221 S.W.2d 206, 209 (1949).

As to the second parcel of real estate, however, Hess interposed specific objection to the introduction of the hearsay testimony of the tenant's leasehold improvements:

"[County's expert witness] Again I refer to the fact that the first floor tenant's finish is a lease hold improvement. The tenant paid for all interior finish, approximately two hundred thousand dollars ($200,000.00), per Mr. Hess' statement to me.

Mr. Hess: Again I want to, if I may, I am not trying to belabor the point but I'd like to object to the hearsay statements for the record.

[Commission]: Let the record note it, proceed please.

The witness: I will acknowledge that it is hearsay; of course, that is really all—

[Commission]: That's all right, thank you."

We hold that the evidence before the Commission as to the leasehold improvements made by one of the tenants in each building was not competent. While Hess raised specific objection to the testimony only as to the second parcel, the hearsay nature of the testimony as to the first parcel was specifically elicited on direct inquiry by a Commission member.

The tenant who allegedly made the improvements in each building was the same. The source of the hearsay testimony as to each parcel may well have involved the same conversations. Under these circumstances, with the interrelated nature of the appeals, the competency of the evidence on the leasehold improvements in each building must be viewed consistently.

The remaining points raised either have no merit or need not now be decided. The issue in dispute was not the extent of the property to be assessed but rather its proper assessment.

The judgment of the Circuit Court reversing the decisions of the State Tax Commission and remanding for a rehearing is affirmed.

WEIER, C. J., and DOWD, P. J., concur.