Julian C. DICKINSON and Jean L. Dickinson and Old Westport Improvement Association, Inc. and William E. Fowks, Appellants,

v.

George F. LUECKENHOFF and Liquor Control Board of Review of the City of Kansas City, Missouri and James M. Reed II and E. Denver Vold and Mark D. Wasserstrom, Respondents,

and

Torre Specialties, Inc., Intervenor-Respondent.

No. KCD 30616.

Missouri Court of Appeals, Western District.

April 7, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 5, 1980.

Application to Transfer Denied June 10, 1980.

Arthur A. Benson, II, Kansas City, for appellants.

Byron Neal Fox, Kansas City, for intervenor-respondent Torre Specialties, Inc.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is an appeal from a judgment denying a request to enjoin the City Liquor Control Board from authorizing the issuance of a city liquor license. The judgment is reversed and remanded with instructions.

■ Although appellants present a barrage of alleged errors, the disposition of this appeal turns upon the limitation placed upon this court regarding review of administrative proceedings and decisions. This court is limited to the determination of whether there is competent and substantial evidence upon the whole record to support the decision and ruling of the Liquor Control Board, see Mo.Const. art. V, § 18. This court cannot substitute its judgment for that of the Board, see *Brooks v. General Motors Assembly Division*, 527 S.W.2d 50, 53 (Mo.App.1975), as cited in *Murphy v. Board of Zoning Adjustment of Kansas City, Missouri*, 593 S.W.2d 549 (Mo.App. 1979).

It is against the rule limiting this court's scope of review that appellants' alleged errors are viewed, and disposition of this appeal occurs although appellants present alleged errors challenging the power of the Board and liquor director to act. It is the sufficiency and competency of the evidence upon the whole record which determines herein, and as will be noted, the question concerning the mandatory nature of the ordinances is neither reached nor decided by this opinion.

This case was atypical of a liquor license application. The applicant, Torre Specialties, Inc., filed its application, and confusion over requisite consents ensued at the hearing before the liquor director. There was a premature appeal to the Board. Appellants attempted to secure injunctive relief in the Circuit Court prior to transcription of the record before the Board. The trial court properly continued the matter until a record was provided.

■ Reference to the pertinent evidence dispositive of this appeal must be undertaken. This court is bound to follow the rules enunciated in *Wilson v. Labor and Industrial Relations Commission*, 573 S.W.2d 118, 121 (Mo.App.1978), wherein the court declared, "It is likewise true that

hearsay evidence will not qualify as competent and substantial evidence upon the whole record to support a finding of fact by an administrative agency," citing *Bartholomew v. Board of Zoning Adjustment*, 307 S.W.2d 730 (Mo.App.1957); *State ex rel. De Weese v. Morris*, 359 Mo. 194, 221 S.W.2d 206 (1949).[1]

■ In the instant case, an applicant for a liquor license was required under the ordinance to secure the consent of adjoining landowners whose property faced the front of the same side of the street. The ordinance provides if there be only two such landowners and one is nonconsenting, the director may exercise his discretion and issue the license. The ordinance further provides that if either such adjacent property contains residential dwellers, a majority of such dwellers can grant consent in lieu of the landowner, see § 4.57, R.O.K.C.

In another section of the ordinance, the form of the consent is prescribed as follows:

"*Sec. 4.60 Form of consent*

The consent required under the terms of this article shall be in writing and shall contain a statement that the signers thereof are the persons required under the terms of this article. Such written consent shall be verified before a notary public."

It is this section which appellants argue is mandatory, and failure to comply therewith denies jurisdiction to the Director and the Board.

The evidence reveals, save for one consent, that the consents submitted by the applicant were never notarized. The director testified that when unnotarized consents are submitted, he orders agency investigators into the field to verify the signatures of the consentees. It must again be pointed out that under the applicable city ordinances, consents must be obtained from adjoining landowners, or in the case of residential property, from a majority of the dwellers in lieu of the landowners consent, see § 4.57, R.O.K.C. Determination of the

existence and validity of such consentees is a necessary fact to be determined and found by the director or, upon appeal, by the Board.

The director testified he conducted a hearing at the request of the applicant to determine what consents were necessary relative to the granting of the license. *His testimony* was that the owner of the south adjacent property appeared before him and testified as a nonconsenting landowner. Applicant had attached to his application the notarized consent of Framisal, Inc., a company operating an ice cream parlor in the building adjacent to the north and a tenant in said building. As this first hearing proceeded, it became apparent that the north property contained nine apartments. The Director advised the applicant that under § 4.57, R.O.K.C. a majority of the apartment dwellers could grant consent in lieu of the consent of the landowners of the north property. The owners of the north property are appellants Julian and Jean Dickinson and they have never granted or given their consent.

*The director further testified* that he received from applicant various written but unnotarized consents from the apartment dwellers. These dwellers were as follows: Heather Warren-Apt. 1, N.C. Chow-Apt. 2, (there was no Apt. 3 and Apt. 4 was occupied by appellants Julian and Jean Dickinson), Francis Gomez-Apt. 5, Scott VerLee-Apt. 6, Wesley Howbert-Apt. 7, Jim Cramer-Apt. 8 and Thomas Buskirk-Apt. 9. There was an Apt. 10, but it was vacant.

The testimony of the director continued and he advised the Board that when unnotarized consents are filed, his agency, under a long established practice, dispatches investigators to verify the consents.

Reference to the following evidence not only describes what subsequently occurred regarding the consents, but provides the basis of disposition of this appeal under the rules announced in *Wilson v. Labor and*

---

1. Appellants were not parties to initial proceedings. Objection to evidence was timely raised in circuit court.

Industrial Relations Commission, Bartholomew v. Board of Zoning Adjustment and State ex rel. De Weese v. Morris, supra.

The director testified his investigators told him they had verified the consents. This was the first expression of hearsay evidence relative to the consents. The investigators neither testified nor provided any proof by way of affidavit. None of the consentees appeared or testified. The testimony continued and the director stated he received further hearsay information from an investigator that consentee N.C. Chow was of Chinese descent and could not speak or read the English language. The director's testimony further indicated that one of the investigators purportedly received a telephone call from a party assuring the investigator he was the attorney for Mr. Chow and that Mr. Chow did in fact give his consent.

In addition, the director testified that one of his investigators had reported to him that the verification of the consent of Thomas Buskirk was made not by and through this prospective consentee, but by and through the prospective consentee's wife.

If, at this juncture, it could not be agreed that the hearsay rule had been stretched beyond all possible bounds, the record reveals there were as yet events to happen which would further add to the problem.

The director testified his investigators could not verify the consent of Francis Gomez because this prospective consentee was away from the city. He (the director) stated that by mail, he received unnotarized retractions of the consents from a number of persons who originally had provided written but unnotarized consents.

The director then testified that he had received a telephone call from a person identifying himself as Wesley Howbert, who expressed a desire to retract his retraction. At this juncture, in the hearing before the Board, there was received a letter purporting to be signed by a Wesley Howbert confirming his retraction of his retraction.

What the record clearly depicts is the repeated introduction of testimony premised or based upon hearsay. In some instances, this testimony was based upon hearsay, which was based upon hearsay, which was based upon hearsay. Such evidence is not competent and substantial evidence upon the whole record.

█ It is obvious that most administrative hearings are conducted in an atmosphere much less formal than proceedings before the courts. Such proceedings, however, are bound by basic evidentiary limits as is stated in State ex rel. De Weese v. Morris, supra, wherein, 221 S.W.2d at 209 the court held:

"The fact that technical rules of evidence do not control has been considered to permit of leading questions and other informalities but not to abrogate the fundamental rules of evidence." cited in Bartholomew v. Board of Zoning Adjustment, supra.

See also Dittmeier v. Missouri Real Estate Commission, 237 S.W.2d 201, 206 (Mo.App. 1951), where the court declared:

"This hearsay testimony is not 'competent and substantial evidence' and could not provide the legal basis for a finding of fact by the commission."

Unless an applicant comes within prescribed exceptions under the ordinances which find no application to the instant case, the ordinances require, as a prerequisite to the issuance of a liquor license, the consent from adjoining property owners, or in lieu thereof, a majority of residential dwellers within such adjoining property if applicable as in the instant case. Compliance or failure to comply with such prerequisite was a fact to be determined by the Director and the Board. The failure herein is that there is no legal basis for any such finding because the evidence upon this point was neither competent nor substantial as required under the authority cited herein.

It is argued on this appeal that the issue of required consents was resolved by a stipulation between the parties. The record reveals that this referred-to stipulation was,

in fact, an agreement suggested by the Board that the director and the applicant agree to the numerical result of consents versus nonconsents as that numerical result appearing nearest to the date of the Board hearing. Such suggested agreement followed lengthy testimony by the Director, including the above mentioned hearsay, and the obvious confusion over the original consents, the retractions and the one retraction of a retraction.

Without passing upon the question of whether or not appellants were bound by such agreement, and there is an obvious disagreement by the parties on that point, the fact remains that the director and the Board were, as a finding of fact, required to determine the validity of the consents pursuant to the ordinance.

As a practical matter in one fell swoop, amid all the confusion, the Board attempted to arrive at some conclusion regarding the consents. By its action, the Board in reality reached a finding regarding the validity of the consents upon hearsay evidence which was not competent or substantial. Such a result is prohibited under the authority cited herein.

Disposition of this appeal, being upon the failure of competent and substantial evidence upon the whole record, renders consideration of additional points raised by the parties herein unnecessary.

The judgment of the trial court is for the reasons set forth herein reversed and said cause is remanded to the Circuit Court with directions to the Circuit Court to remand said cause to the Liquor Control Board for a new hearing on said application.

All concur.