STATE of Missouri, Respondent,

v.

John HAMRICK, Appellant.

No. WD 36937.

Missouri Court of Appeals,
Western District.

May 13, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 26, 1986.

Application to Transfer Denied
Sept. 16, 1986.

Robert G. Duncan and Peter M. Schloss, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before DIXON, MANFORD and NUGENT, JJ.

DIXON, Judge.

Defendant appeals a jury conviction of rape, § 566.030, RSMo Supp.1984, for which he was sentenced to 12 years imprisonment. On appeal he alleges the evidence was insufficient to support the verdict and

that he was denied effective assistance of counsel. He further alleges the trial court erred in allowing hearsay testimony into evidence.

The complainant in this case is defendant's step-daughter. Complainant was 13 years old at the time the last incident of intercourse occurred, which was the act with which defendant was charged. Complainant and her mother had lived with defendant since the summer of 1980. In August 1984 complainant reported to neighbors that she had been subjected to sexual abuse by defendant. Complainant had not earlier complained to her mother of the abuse because she was afraid. On July 12, 1984, complainant was hospitalized with inflammatory bowel syndrome. Her mother told her she was having problems because she was keeping things inside—"a big secret inside." Complainant became afraid "something might be wrong" and decided to confide in neighbors. The neighbors took her to the Division of Family Services and she was subsequently taken to a hospital for medical examination. She was placed in foster care for a short time and then moved out-of-state to reside with her natural father.

At trial the 13 year old complainant testified that defendant had begun sexually touching her breasts and genitals and engaging her in oral sexual activity when she was about eight. He began having intercourse with her when she was approximately 10 years old.

Complainant testified that she believed the last incident of intercourse occurred on a Friday night around July 6, 1984. Defendant and complainant's mother operated a restaurant a few feet from their house, and both were still in the restaurant when complainant decided to go to bed. It was apparently not uncommon for defendant and the mother to leave the restaurant separately. Because the weather was very warm, complainant moved a mattress down to her mother's room where there was a fan. She was lying on the mattress with a sheet over her when she heard footsteps.

She rolled onto her stomach or side and pretended to be asleep. Defendant entered the bedroom. He rolled complainant onto her back, pulled down the sheets and complainant's underpants and "had intercourse" with her. When defendant heard the sound of complainant's mother entering the house, he quickly pulled up complainant's underpants and the sheet and got into his own bed.

Complainant testified that she knows what sexual intercourse is. She admitted that she never opened her eyes on the last night the intercourse occurred but she believed the man was defendant because that's who it was "all the other times that [she] did have [her] eyes open."

Defendant claims that the evidence presented was insufficient to support the verdict. He claims that complainant's testimony is contradictory and inconsistent and without corroboration; therefore, he argues, the verdict cannot stand.

■ When the appellate court reviews a case to determine whether there was sufficient evidence to support the jury's verdict, it must consider as true all evidence favorable to the state as well as all reasonable inferences that may be drawn therefrom. *State v. Chamberlain,* 648 S.W.2d 238, 240 (Mo.App.1983). Moreover, the uncorroborated testimony of a prosecutrix will sustain a conviction of rape unless her testimony is so unconvincing and contradictory as to "cloud the mind of the court with doubts." *Id.* Corroboration is not required where the inconsistency or contradiction does not bear on proof essential to the case. *State v. Salkil,* 659 S.W.2d 330, 333 (Mo.App.1983); *See State v. Baugh,* 323 S.W.2d 685, 688 (Mo. banc 1959). Uncertainties in the testimony bearing on related matters are for the jury's resolution and go to credibility. *State v. Harris,* 620 S.W.2d 349, 354 (Mo. banc 1981).

■ The evidence was sufficient to support the verdict in this case and no corroboration of complainant's testimony was

needed. The uncertainties pointed out by defendant do not so undermine the evidence that it is rendered insufficient. Complainant was interviewed several times by different persons for different reasons about the intercourse. She gave more than one date when the intercourse might have occurred, but she repeatedly said she wasn't sure of the date and the dates she suggested were within a few days of each other. At any rate, time is not of the essence in a statutory rape case. *State v. Kammerich*, 550 S.W.2d 931, 932 (Mo.App. 1977).

At the preliminary hearing, complainant had said the intercourse occurred between 10 and 10:30 p.m. while at trial she stated it happened between 10:30 and midnight. She could not remember the color of her nightgown and underpants, whether the lights were on or off, whether defendant undressed before he had intercourse with her, how far down he pulled her underpants or how long the intercourse lasted. She admitted she could not remember whether she was on her side or her stomach before defendant rolled her over. She had said defendant had intercourse with her about twice a month but when asked about the last incident of intercourse preceding the incident charged, she estimated it had happened a couple of months prior to the July episode.

Such uncertainties do not trigger the corroboration requirement. Complainant was 13 years old at the time of her testimony. She was subjected to numerous interviews. Considering her age and the number of times she was required to tell her story it is not surprising that some inconsistency developed. *State v. Presley*, 694 S.W.2d 867, 870 (Mo.App.1985). Furthermore, complainant was being asked to describe an event that had happened weeks before and that was one out of a number of incidents. She had been ill and hospitalized between the time of the intercourse and the time of her testimony. Under such circumstances even an adult would likely forget the de-

tails defendant claims must necessarily be remembered to make complainant's allegations believable. Complainant stated unequivocally that intercourse occurred and she demonstrated that she knew what intercourse was. There was no contradiction on any proof "essential to the case." Both defendant and complainant testified. The jury found complainant more believable. Defendant's point is denied.

In his next point defendant alleges he was denied effective assistance of counsel at trial. According to defendant trial counsel was deficient because he failed to introduce evidence, including medical records and testimonies of medical personnel, which might have shown complainant's claims could not be true. His assertion is that the hymen of complainant was intact. Trial counsel also had taken the deposition of complainant's sister, who had lived with complainant, their mother and defendant for a period before moving to California, but the deposition had not yet arrived when the evidence was closed and trial counsel did not seek a continuance. Defendant claims the deposition would have shown that complainant's sister was unaware of any sexual activity between complainant and defendant. There were other suggestions of counsel's ineffectiveness but in the view we take of the issue, it is unnecessry to relate them in detail. The assertions present a serious issue of ineffectiveness of counsel.

The claim of ineffective assistance of counsel is best handled under Rule 27.-26, *State v. Mitchell*, 620 S.W.2d 347, 348 (Mo. banc 1981), and should not be considered on direct appeal where the record does not sufficiently develop facts essential to a meaningful review of the issue. *State v. Cluck*, 451 S.W.2d 103, 107 (Mo.1970).

Defendant attempted to develop the record on the issue of ineffectiveness of counsel at the hearing on the motion for new trial. Trial counsel, who had withdrawn from the case, testified at the hear-

ing. Defendant also offered medical records and various other documents into evidence. The evidence was excluded and an offer of proof was made. Defendant asserts the trial court erred in refusing the proffered evidence. The evidence was documentary and is part of the record. The error, if any, in excluding it need not be addressed because even considering the expanded record and the offered exhibits, the facts essential to a meaningful review of the effectiveness of counsel are not presented. If the physicians who treated and examined the complainant would testify that there was physical evidence that no intercourse had occurred, a serious question of effectiveness of counsel would be presented. The records alone do not support the claim. Counsel's assertion that the records demonstrate that the hymen was intact is dubious. Considering the state of this record, there is no basis to consider the claim of ineffectiveness of counsel without a motion and hearing under Rule 27.26.

■ Finally, defendant claims the court permitted the introduction of hearsay testimony and thereby denied him his right to confront and cross-examine the declarant. The witness involved testified on behalf of the state and had been complainant's seventh grade teacher. One day at school complainant pounded her desk and, referring to defendant, said, "I hate him; I hate him; I hate him." Complainant denied to the teacher that anything was wrong, but the teacher later asked complainant's best friend what was upsetting complainant. Over defendant's objection and after the court had admonished the jury that the statements should not be taken for their truth but for the fact that they were made, the teacher was allowed to testify that the friend had said complainant was upset by the violent fighting between her mother and defendant.

Defendant argues that there was no basis for the jury to hear the statements

except for their truth and there was no legitimate jury issue upon which they had a bearing. The State responds that the prosecution was attempting to show that complainant was upset by her relationship with defendant. The testimony of the teacher and the teacher's rendition of what the best friend had said went to show that persons close to complainant believed her to be upset by something. The State did not elicit the testimony to prove that defendant and complainant's mother had violent fights. The hearsay rule, which assures defendant the right to cross-examine a declarant, has no application where the extrajudicial utterance was offered without reference to truth of the matter asserted. *Bond v. Wabash Railroad*, 363 S.W.2d 1, 5 (Mo.1962); *Pettus v. Casey*, 358 S.W.2d 41, 44 (Mo.1962). Even if the admission of the testimony was error, it was harmless because of the abundance of testimony from complainant and defendant's own witnesses that the relationship between defendant and complainant's mother was sometimes violent. The testimony was at worst cumulative on a point not requiring proof and does not warrant a new trial for defendant. Defendant's third point is denied.

The judgment is affirmed.

All concur.