Dennis A. **DOERER**, Plaintiff-Appellant,

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION and the Division of Employment Security, Defendants-Respondents.**

No. 42995.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 21, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 12, 1981.

Application to Transfer Denied
July 14, 1981.

Frances Dianne Taylor, Legal Services of Eastern Missouri, St. Louis, for plaintiff-appellant.

Rick V. Morris, Susan P. Haag, Jefferson City, for Missouri Division of Employment Sec.

Kevin M. Hare, Jefferson City, for Labor and Industrial Relations Commission.

SNYDER, Judge.

This is an appeal from a circuit court judgment which affirmed the decision of the Labor and Industrial Relations Commission (Commission) that claimant is disqualified from receiving benefits until after he has earned wages equal to ten times his weekly benefit amount under § 288.050.1 of

the Missouri Employment Security Law, RSMo 1978.[1]

Claimant contends on appeal that the circuit court's decision to affirm is erroneous as a matter of law because: (1) the Commission failed to properly apply § 288.050.-1(1)(a); (2) the Commission's finding that claimant did not have good cause for leaving his job is without judicial or legislative support; and (3) the decision is not based on competent and substantial evidence on the record as a whole. The points are without merit. The judgment is affirmed.

Claimant Dennis A. Doerer was employed at the St. Louis State School and Hospital (State School) as an Educational Assistant II for three years. His full-time salary when he left was $683.00 per month. He reduced his hours to 20 per week and went on half salary in order to be available for an opening at United Parcel Service (UPS). On December 2, 1978, after almost two months of part-time status at the State School, he also began working 25 hours per week for UPS. His wages at UPS were $170.00 per week, more than his full-time salary with the State School. Claimant worked both jobs until December 14, 1978 when he left the employ of the State School. He last worked at UPS December 23, 1978 and applied for unemployment compensation effective December 31, 1978.

The determination of claimant's disqualification was originally made by a deputy of the Division of Employment Security (Division). After a hearing, the decision was affirmed by a referee of the Appeals Tribunal of the Division. Claimant applied for a review of the Appeals Tribunal's decision by the Labor and Industrial Relations Commission. The Commission denied the application for review. The Circuit Court of St. Louis County affirmed the Commission's decision and claimant appealed.

■ On review this court is not to substitute its judgment for that of the Commission. The record is to be reviewed in the light most favorable to the decision of the Commission. If it is supported by competent and substantial evidence and if the Commission could reasonably have made its findings from the evidence before it, this court must affirm. Wilson v. Labor & Industrial Relations Commission, 573 S.W.2d 118, 120[2] (Mo.App.1978); LaPlante v. Industrial Commission, 367 S.W.2d 24, 27[2, 3] (Mo.App.1963). It may set aside a decision only if the decision is clearly contrary to the overwhelming weight of the evidence. Duffy v. Labor & Industrial Relations Commission, 556 S.W.2d 195, 197[1, 2] (Mo.App. 1977); LaPlante v. Industrial Commission, supra; Meyer v. Industrial Commission of Missouri, 240 Mo.App. 1022, 223 S.W.2d 835, 839[4] (1949). Thus the issue on review is not what this court would decide de novo but whether the Commission reasonably could have found that claimant left for some reason other than to accept a more remunerative position.

Claimant first contends that the Commission failed to properly apply § 288.050.-1(1)(a). The point is not well taken.

Section 288.050.1 provides:

"Benefits denied unemployed workers when.—1. Notwithstanding the other provisions of this law a claimant shall be disqualified for waiting week credit or benefits until after he has earned wages equal to ten times his weekly benefit amount if the deputy finds

(1) That he has left his work voluntarily without good cause attributable to his work or to his employer; except that he shall not be disqualified

(a) If the deputy finds he quit such work for the purpose of accepting a more remunerative job which he did accept and earn some wages therein; or

(b) If he quit temporary work to return to his regular employer; . . . ."

■ Claimant argues that he should not be disqualified because he left the State School to take a more remunerative job with UPS; that he comes under the disqualification exception in § 288.050.1(1)(a).

1. All statutory references are to RSMo 1978 unless otherwise stated.

Although the job at UPS was in fact more remunerative and claimant testified that he took the UPS job to obtain higher wages, he did not say specifically he left the State School to take the other job. His only direct testimony on the reason for his leaving the State School was that he left because of conflicting time schedules. The Commission was correct in its application of § 288.050.1(1)(a) by virtue of its evidentiary finding discussed next.

Claimant's contentions that the Commission's finding of no good cause is without legal or judicial support and that its decree is not based on competent and substantial evidence will be considered together and denied.

The Commission found that "the claimant had every intention of working both jobs" and that "the claimant voluntarily left his work on December 14, 1978, without good cause attributable to his work or to his employer." Both conclusions are supported by evidence in the record.

█ The schedule conflict preceding claimant's quitting was the result of varying shifts at UPS, not the State School. Thus it was not attributable to his work at the State School or to that employer. The finding that claimant intended to continue both jobs is not clearly erroneous given his testimony that he knew the UPS job was part-time and decided to leave the State School only after the schedules began to conflict and would have continued working both jobs if there had not been "this fluctuation and change in hours."[2]

Claimant also testified that he quit the State School to "receive" a job with UPS and that he stayed on at the State School part-time only because "I was working with severely disturbed adults, and it was pretty rough, and I was trying to wait until they got someone else to fill my position."

2. "Q: Now did you know the UPS job was a part-time job? A: Yes. * * * Q: OK, now why did you keep working for the State School, after you had taken a job with UPS? A: Well because I could work both jobs until it came to the point where UPS started fluctuating my hours. Then it interfered with my job at the

Claimant argues that this testimony cannot be arbitrarily disregarded without a specific finding that it is not entitled to credibility, citing *Wilson v. Labor & Industrial Relations Commission*, 573 S.W.2d 118, 121[3–5] (Mo.App.1978). *Wilson* is distinguishable. In *Wilson*, the employee testified that he quit because of back pain. This was opposed only by hearsay evidence that the employee had not complained to his supervisor of back pain. The court remanded for a new hearing on the claim because the record did not show whether the referee disbelieved the otherwise uncontroverted evidence presented by the plaintiff.

█ In the present case, however, several conclusions could reasonably be drawn from the testimony of claimant about his reasons for leaving the State School. The Commission could have reached its conclusion without disbelieving claimant's testimony. *Nelson v. Labor & Industrial Relations Commission*, 594 S.W.2d 356, 359[7] (Mo.App. 1980). As the trier of fact, the Commission may choose to believe all or none of any witness's testimony and may draw different inferences from facts than a court on judicial review. *Morris v. Labor & Industrial Relations Commission*, 573 S.W.2d 439, 441[3–7] (Mo.App.1978); *Tri-State Motor Transit Co. v. Industrial Commission of Missouri*, 509 S.W.2d 217, 220[1, 2] (Mo.App. 1974). The finding that claimant left without good cause attributable to his employer or his work is supported by competent and substantial evidence in the record.

Claimant argues that he should not be disqualified because the legislature has established in § 288.050.1(1)(a) that leaving to accept a more remunerative job is "good cause." Claimant misapprehends the scope of "good cause" as it is used in the statute. The exception in § 288.050.1(1)(a) prevents disqualification of a person who left his work to accept a more remunerative job. It

hospital. Q: And that's when you decided you would have to leave the State School and Hospital. A: Right. Q: If there had not been this fluctuation and change in the hours, you would have continued working both jobs? A: Yes. . . ."

does not elevate that reason to the status of "good cause attributable to his work or to his employer." If the exception were applicable here, it would remove claimant's disqualification from benefits in spite of the lack of such "good cause."

Claimant cites *Geraldine Esters*, L.C. No. 2464–79, Appeal No. A–9074–79 (April 13, 1980) and *Brown v. Labor and Industrial Relations Commission*, 577 S.W.2d 90 (Mo. App. 1978). Both cases are factually distinguishable. The Commission found on review that Geraldine Esters "left her work ... for the purpose of accepting a more remunerative job, which she did accept and wherein she earned some wages." It is undisputed that claimant earned some wages at UPS but he does not come within the narrow exception to disqualification because the Commission found that he left the State School for a different reason, a schedule conflict.

The finding of the Commission that claimant left his employment with the State School for reasons other than to accept a more remunerative position is supported by competent evidence in the record and is not against the overwhelming weight of the evidence. The statute was properly applied to the facts found by the Commission. Claimant is disqualified from receiving benefits until he has earned wages equal to ten times his weekly benefit amount.

The judgment is affirmed.

CRIST, P. J., and REINHARD, J., concur.