William Harold DOWNS, Appellant,

v.

PERSONNEL ADVISORY BOARD OF the STATE OF MISSOURI, Richard J. Bell, III, Superintendent of the Training School for Boys, and Keith Schafer, Director, Division of Youth Services, Respondents.

No. WD 34685.

Missouri Court of Appeals, Western District.

May 9, 1984.

Dale C. Doerhoff, Cook, Vetter, Doerhoff & Pletz, Jefferson City, for appellant.

Melody A. Emmert, Jefferson City, for respondent Div. of Youth Services.

Before SOMERVILLE, P.J., and CLARK and KENNEDY, JJ.

PER CURIAM.

William Harold Downs (hereinafter appellant), formerly an employee of the Division of Youth Services (hereinafter appointing authority) at the Boonville Training School for Boys, appeals from a judgment of the Circuit Court of Cole County affirming a decision of the Personnel Advisory Board of the State of Missouri (hereinafter Personnel Advisory Board) upholding his dismissal by the appointing authority.

A written statement was received by appellant from the appointing authority notifying him of his dismissal as a "Youth Specialist II" effective January 31, 1980, by reason of "incompetent, careless, and ineffective performance" of his "duties as a Youth Specialist II." More particularly: (1) on June 20, 1979, while he was working the 12:00 a.m. (midnight) to 8:00 a.m. shift in Boone Cottage, five boys escaped therefrom at approximately 2:30 a.m. which he failed to discover until approximately 4:50 a.m. due to improper supervision; (2) on November 9, 1978, he was found asleep while on duty in Boone Cottage during the 12:00 a.m. (midnight) to 8:00 a.m. shift resulting in a written reprimand and his suspension without pay for three days; and (3) on November 20, 1977, three boys escaped from Boone Cottage between 3:00 a.m. and 6:00 a.m. while he was asleep on duty resulting in his suspension without pay for three days. The written statement concluded by advising that "[t]hese incidents show a continuing course of conduct which is clearly unacceptable in the operation of this institution."

Appellant timely appealed his dismissal to the Personnel Advisory Board which, following a hearing where both appellant and the appointing authority presented evidence, upheld his dismissal. In support thereof the Personnel Advisory Board entered, in writing, what is captioned "Findings of Fact, Conclusions of Law, Decision and Order". Therein, the Personnel Advisory Board noted as follows: "As to the June 20, 1979, incident, Appointing Authority alleges the five boys escaped from the cottage at approximately 2:30 A.M. Appellant claims he first discovered the boys missing at approximately 4:20 A.M. By stipulation, the parties agreed the boys escaped on that date while Appellant was on duty, the escape was reported to Communications at 4:50 A.M., and that two of the boys were apprehended at approximately 5:50 A.M. at the westbound rest area along Interstate 70. *The time at which the escape occurred has importance in that, if it is found the escape occurred at approximately the time alleged by the Appointing Authority, this would be evidence of improper supervision by Appellant and support the Appointing Authority's charge. If it is found the escape occurred at approximately 4:20 A.M. or shortly prior thereto, this would be evidence to support Appellant's claim he was not negligent.* If Appointing Authority's allegation is believed, the boys would have had approximately three hours and 20 minutes to reach the rest area. If Appellant's claim is believed, the boys would have had approximately one hour and 30 minutes to reach the rest area." (emphasis added)

The following, inter alia, was included in the Personnel Advisory Board's "Findings Of Fact": "The testimony of the Supervisor and Assistant Supervisor of the institution shows they have participated numerous times in looking for boys who escaped. Their experience showed boys will generally go cross-country in their escape in heading for the Interstate 70 rest area and take approximately three hours to reach it. *Further, the testimony shows that the two boys apprehended at approximately 5:50 A.M. later admitted the escape occurred shortly after 2:00 A.M. ... On this evidence the Board finds that the escape most likely occurred at approximately 2:30 A.M. as alleged by Appointing Authority rather than at approximately 4:20 A.M. as alleged by the Appellant.*" (emphasis added)

The following, inter alia, was included in the Personnel Advisory Board's "Conclusions Of Law": "The Appointing Authority here followed a progressive discipline policy by use of suspensions for prior incidents, coupled with a warning that if further such incidents occurred Appellant would be subject to suspension or dismissal. Here the evidence of the June 20, 1979, incident shows a continuing pattern of improper supervision by Appellant. The Board, having found that Appellant's dismissal is based on a continuing pattern of behavior and that such behavior gives evidence of improper supervision, concludes Appellant's dismissal for cause has been supported."

Appellant filed a timely petition for judicial review of the decision of the Personnel Advisory Board in the Circuit Court of Cole County. Section 36.390.5.9, RSMo Supp. 1983; and § 536.100, RSMo 1978. Appellant posited his petition for judicial review on the singular ground that the decision of the Personnel Advisory Board was "unsupported by competent and substantial evidence upon the whole record" and alleged with particularity wherein and why it was wanting in that sense. On February 10, 1983, the Circuit Court of Cole County entered an order affirming the decision of the Personnel Advisory Board, from which order appellant timely appealed to this court. The case was docketed for argument before this court on March 27, 1984. Appellant posits his right to appellate relief on the singular ground relied upon in the Circuit Court of Cole County—the decision of the Personnel Advisory Board was "unsupported by competent and substantial evidence upon the whole record."

The decision of the Personnel Advisory Board, not the judgment of the Circuit

Court of Cole County, is the subject of review by this court. *Fleming Foods of Missouri, Inc. v. Runyan*, 634 S.W.2d 183, 184 (Mo. banc 1982). Under Art. V, § 18, Mo. Const. 1945 (as amended 1976), and as recapitulated in § 536.140.2(3), RSMo 1978, the decision of the Personnel Advisory Board in this contested case cannot stand if "unsupported by competent and substantial evidence upon the whole record."

■■■ In order to determine whether the decision of the Personnel Advisory Board was supported by competent and substantial evidence upon the whole record, it is incumbent upon this court to take a hard look at the transcript of the proceedings before the Personnel Advisory Board. If, after doing so, no competent and substantial evidence is found to support the findings of fact and conclusions of law upon which the Personnel Advisory Board bottomed its decision, appellant's dismissal cannot stand and he is entitled to be reinstated. It should be borne in mind that "technical rules of evidence shall not apply" at hearings before the Personnel Advisory Board. Section 36.390.5, RSMo Supp.1983. Admissibility of evidence is not the test; the test is whether evidence relied upon measures up to the standard of "competent and substantial" evidence.

Placed in proper perspective, the two earlier incidents for which appellant was disciplined by suspension without pay for three days respectively, standing alone, were not treated as grounds for dismissal as punishment for those infractions had already been meted out to appellant. As garnered from the Personnel Advisory Board's decision, the only relevancy of evidence with respect thereto being that the June 20, 1979, escape represented a continuing pattern of lack of supervision on appellant's part of such magnitude to justify his dismissal because of the June 20, 1979, incident. Attention necessarily focuses on whether evidence relied upon by the Personnel Advisory Board met the requisite standard of "competent and substantial evidence". Moreover, the inquiry at hand is narrowed, as noted by the Personnel Advisory Board

in its "Findings of Fact", to whether the June 20, 1979, escape occurred at 2:30 a.m. as alleged by the appointing authority. If there was no competent and substantial evidence to support a finding that the escape occurred at approximately 2:30 a.m., rather than approximately 4:20 a.m., according to appellant's testimony, then the decision of the Personnel Advisory Board affirming appellant's dismissal cannot stand.

■■■ A thorough perusal of the record forces the inexorable conclusion that the only evidence bearing upon the Personnel Advisory Board's conclusion that the June 20, 1979, escape, occurred at approximately 2:30 a.m. is as follows. The Assistant Superintendent of the Training School for Boys, over objection by appellant's counsel on grounds of hearsay, testified that two of the boys who escaped, two days after their apprehension, told him that they escaped "shortly after 2:00". This was unmitigated hearsay. Cases are legion that hearsay evidence does not rise to the level of "competent and substantial evidence" within the ambit of Art. V, § 18, Mo. Const. 1945 (as amended 1976—formerly Art. V, § 22), supra, and § 536.140.2(3), supra. *State ex rel. DeWeese v. Morris*, 359 Mo. 194, 221 S.W.2d 206, 209 (1949); *Dickinson v. Lueckenhoff*, 598 S.W.2d 560, 564 (Mo.App. 1980); *Wilson v. Labor and Industrial Relations Commission*, 573 S.W.2d 118, 120–21 (Mo.App.1978); *Bartholomew v. Board of Zoning Adjustment*, 307 S.W.2d 730, 733 (Mo.App.1957); *State ex rel. Horn v. Randall*, 275 S.W.2d 758, 763 (Mo.App. 1955); and *Dittmeier v. Missouri Real Estate Commission*, 237 S.W.2d 201, 206 (Mo. App.1951).

Respondents retreat from contending that the hearsay evidence in question constituted "competent and substantial" evidence to support the decision of the Personnel Advisory Board by falling back on the following evidence. Both the Superintendent and Assistant Superintendent of the Boonville Training School for Boys were permitted, over objection of appellant's counsel on grounds of speculation, to testi-

fy that "generally" boys who escaped tried to make it to I–70 (Interstate Highway-70) by going "cross country", a less conspicuous route than going through the "main roads in Boonville." There was evidence that the distance from the Boonville Training School for Boys via the "main roads of Boonville" was approximately three and a half or four miles, which tests showed could be traveled by a person on foot in approximately forty-five minutes. The Superintendent and Assistant Superintendent of the Boonville Training School for Boys, after testifying that escaping boys "generally" followed an inconspicuous, cross-country route, were then permitted, over objection by appellant's counsel that "no proper foundation had been laid" and that it was not a "proper subject for opinion testimony," to testify that in their "opinion" it would take a "boy" approximately three hours to go from Boone Cottage to I–70. Regarding the route of escape from Boone Cottage to I–70 "generally" followed by boys, vis-a-vis the crucial issue in this case, i.e. *when did the boys in question escape*, represents the rankest form of speculation, conjecture and surmise. Otherwise, a party could fill in essential evidential voids by the simple expedient of generalizations based on past observations of others, e.g. other drivers in the same locale "generally" drove in excess of the posted speed limit. The aforementioned is even more remote than instances excluding evidence of the past conduct of a person involved to prove his subsequent conduct. *Wehrkamp v. Watkins Motor Lines, Inc.*, 436 S.W.2d 698, 709–11 (Mo.1969); and *Matta v. Welcher*, 387 S.W.2d 265, 268–70 (Mo.App.1965). See generally: 32 C.J.S., Evidence, § 579, pp. 706–07 (1964). Closely akin, any inferences that the boys who escaped on June 20, 1979, followed the same route "generally" taken by other boys on previous occasions, necessarily rests upon an assumption of fact beyond the record, thereby depriving the controversial testimony of the status of substantial evidence. *Estate of Pearl v. Director, Missouri State Division of Welfare*, 538 S.W.2d 922, 925–26 (Mo.App.1976).

■ By a process of natural progression, attention now focuses on the respective testimony of the Superintendent and Assistant Superintendent of the Boonville Training School for Boys that in their opinion it would take a boy approximately three hours to go from Boone Cottage to I–70. Their opinions, in order to have any probative value, rest entirely upon an assumed fact not in evidence—that the boys who escaped on the night of June 20, 1979, took a less conspicuous, cross-country route as opposed to going through the "main roads of Boonville." In the context at hand, the admission of opinion testimony elicited upon an assumption of fact not in evidence constitutes error. See generally: *Butcher v. Main*, 426 S.W.2d 356, 359 (Mo.1968); *Henson v. St. Louis-San Francisco Ry. Co.*, 301 Mo. 415, 256 S.W. 771, 774 (1923); and *Bennett v. Myres*, 21 S.W.2d 943, 945 (Mo.App.1929). The principal vice of such "opinion" testimony is that it is conjectural, and for that reason lacks sufficient probative value to qualify as substantial evidence. *Gaddy v. Skelly Oil Co.*, 364 Mo. 143, 259 S.W.2d 844, 849 (1953).

Suffice it to say, appellant testified that after going on duty at 12:00 a.m. (midnight) on June 20, 1979, he regularly checked the beds of the boys for whom he was responsible every ten or fifteen minutes and that the boys in question were discovered missing by him at approximately 4:20 a.m. Thereupon, he searched Boone Cottage for approximately twenty minutes and then reported the escape. Respondents do not contend that mere escape by the boys, in and of itself, would justify appellant's dismissal. Parenthetically, from June 1, 1973, to the date of the hearing before the Personnel Advisory Board approximately 700 boys escaped from the institution.

■ In sum, the decision of the Personnel Advisory Board was unsupported by competent and substantial evidence on the whole record.

Accordingly, the judgment of the Circuit Court of Cole County is reversed and the cause is remanded with directions to the

Circuit Court of Cole County to enter judgment reversing the decision of the Personnel Advisory Board and ordering the Personnel Advisory Board to reinstate appellant retroactive to January 31, 1980, and to order the Personnel Advisory Board to conduct a further hearing to determine compensation due appellant as well as those amounts which are to be credited as offsets in accordance with the views expressed in *Wolf v. Missouri State Training School for Boys*, 517 S.W.2d 138 (Mo. banc 1974).

Judgment reversed and cause remanded with directions.