Ronald W. GAMBLE, Appellant,

v.

Colonel Howard HOFFMAN and
Missouri State Highway Patrol,
Respondents.

No. 68809.

Supreme Court of Missouri,
En Banc.

June 16, 1987.

Rehearing Denied July 14, 1987.

Richard C. Thomas, Columbia, for appellant.

William L. Webster, Atty. Gen., Timothy Anderson, Theodore A. Bruce, Asst. Attys. Gen., Jefferson City, for respondents.

BILLINGS, Judge.

This is the second appeal of this case. The first appeal, *Gamble v. Hoffman*, 695 S.W.2d 503 (Mo.App.1985), resulted in a remand for further proceedings consistent with the court's opinion. Additional proceedings were conducted and Ronald W. Gamble's dismissal by the Missouri State Highway Patrol was affirmed by the trial court. However, the lower court considered the remand by the court of appeals to constitute a reinstatement of Gamble as a member of the Patrol and entered an award for wages, attorney fees and expenses in favor of Gamble.

Appeals by both parties were again taken to the court of appeals and that court

affirmed Gamble's dismissal and held that because he had not been exonerated of the charges and reinstated as a member of the Patrol during the pendency of these proceedings, there was no issue of wages, attorney fees and expenses. The court said:

> The trial court on remand misinterpreted our decision. In that decision we stated ... that the issue of back wages and offsets would be determined by an administrative evidentiary hearing for that purpose *in the event the employee was reinstated. Gamble v. Hoffman,* 695 S.W.2d at 509 (emphasis ours).

> First, however, there must have been a determination that the appellant was improperly dismissed. The case was remanded with instructions for that determination. The trial court erroneously concluded that our decision required an administrative evidentiary hearing without regard to an order of reinstatement on the issue of back wages and offsets. *If the decision to discharge is affirmed, the decision of back wages and offsets is moot.* (emphasis ours).

This Court granted transfer. The Court agrees with the court of appeals and affirms Gamble's dismissal and reverses that part of the trial court's judgment concerning back wages, attorney fees, and expenses.

On November 19, 1982, the Patrol filed formal charges against Gamble, then a Highway Patrolman, for violating four general orders of the Patrol. He was charged (1) with not being attentive and devoted to duty; (2) with conducting himself in a manner unbecoming a member of the Patrol; (3) with untruthfulness in reporting his actions to his superiors; and (4) with engaging in immoral conduct.

A hearing board was convened pursuant to § 43.150, RSMo 1986, and Gamble was dismissed from the Patrol on December 9, 1982. Gamble appealed that dismissal and the circuit court remanded the case because of the Board's failure to comply with certain administrative procedures. Following the second administrative hearing, Gamble was again dismissed. Thereafter,

the court of appeals remanded the proceeding. A new board convened on October 2, 1985, and Colonel Hoffman affirmed Gamble's dismissal.

In this appeal Gamble makes four claims. First, he argues that the Board could not have found the complainant to be credible and therefore his dismissal is not supported by competent and substantial evidence. Second, he claims that evidence tending to discredit the complainant was wrongly excluded from the hearing. Third, he contends that the hearing provided under § 43.150 is neither fair nor impartial and constitutes an unlawful and biased procedure. Finally, he argues that the trial court erred in its award of only back pay and attorney fees because the first *Gamble* opinion had reinstated him. He contends that this reinstatement should entitle him to back pay, vacation and holiday accruals, and attorney fees.

■ Judicial review of administrative factual determinations is limited to whether the decision was supported by substantial and competent evidence, to whether the decision was arbitrary, capricious, or unreasonable, or to whether the agency action constituted an abuse of its discretion. *Ross v. Robb,* 662 S.W.2d 257, 259 (Mo. banc 1983). The evidence is to be viewed in a light most favorable to the agency decision. *Hermel, Inc. v. State Tax Commission,* 564 S.W.2d 888, 894 (Mo. banc 1978). If the evidence supports either of two contrary conclusions, the agency decision must prevail. *Id.* When an agency sits as an administrative tribunal, determination of the credibility of the witnesses is an agency function. *Edmonds v. McNeal,* 596 S.W.2d 403, 408 (Mo. banc 1980). The reviewing court may not substitute its own judgment and the court may not set aside the administrative decision unless clearly contrary to the overwhelming weight of the evidence. *Pulitzer Publishing Company v. Labor & Industrial Relations Commission,* 596 S.W.2d 413, 417 (Mo. banc 1980).

■ Here, two witnesses, Gamble and Mrs. Janes, the complainant, testified to the specific events that occurred in the Miller house on November 8, 1982. The

following summarizes the testimony which supports the findings of the Board.

Trooper Gamble, while in uniform and on duty, drove in his patrol vehicle to a private residence where Mrs. Janes lived with one Andy Miller. Gamble knew that Mr. Miller was away from the residence which was located in the rural area outside Clark, Missouri. From his own testimony, Gamble was neither in pursuit of an offender nor investigating a complaint which had been relayed to him through official channels. He testified he went to pay for some firewood and secondarily to "investigate" a harassment complaint from Mrs. Janes which had been passed on to him by his wife. He testified that while there he drank some orange juice, talked generally to Mrs. Janes and rubbed her neck and shoulders.

Mrs. Janes testified that Gamble then subjected her to unwanted sexual contact in kissing and embracing her, and in putting his hands inside her shirt. Gamble made improper advances to her and said to her, "Let's go in here [the bedroom] for a few minutes." She testified that Gamble held her by the arm or arms as he attempted to coax her into cooperation with his desires despite her repeated refusals and protests. She did testify that he eventually left voluntarily.

After the patrolman's departure, Mrs. Janes reported the incident to a friend and to her father. She registered a complaint with the Patrol on the same day. Gamble's commanding officers questioned him about the incident. He admitted to being at the Miller home during duty time but denied any sexual overtures towards Mrs. Janes. His written report on that day did not mention his "investigation" of the harassment complaint. Two days later, he added that to a supplemental report. Prior to the charges, Gamble had not reported his presence at the residence, he did not produce contemporaneous notes of the "investigated" complaint, nor did he relate specifics of the complaint to his superiors at that time or in later testimony.

Substantial evidence is defined as competent evidence which, if believed, would have probative force on the issues. *Citizens for Rural Preservation, Inc. v. Robinett,* 648 S.W.2d 117, 124 (Mo.App.1982). If believed by the Board, the testimony of Mrs. Janes constitutes substantial evidence for a finding that Gamble was guilty of the charges. Gamble admits in his own testimony that he was on a personal errand while on duty and in uniform. The Court finds that the dismissal was based on competent and substantial evidence.

Gamble next contends that the Board erred in excluding evidence of the complainant's alleged drug use, prior sexual victimization, subsequent kidnapping, and alleged mental illness. Without more, the excluded testimony is inadmissible in that it does not bear on probative issues but only collaterally into the competency of Mrs. Janes. Such collateral inquiry distracts from the main issues and also carries the danger of prejudice and surprise. *Farley v. Johnny Londoff Chevrolet, Inc.,* 673 S.W.2d 800, 803 (Mo.App.1984). On appeal from the circuit court judgment in administrative cases, the court reviews the decision of the administrative agency and not the judgment of the circuit court. *Laclede Gas Co. v. Labor & Industrial Relations Commission,* 657 S.W.2d 644, 648 (Mo.App. 1983). However, appellate courts will not review the excluded evidence without a specific and definite offer of proof, *Frank v. Environmental Sanitation Management, Inc.,* 687 S.W.2d 876, 883 (Mo. banc 1985); and character evidence is not generally admissible in civil cases unless the pleadings or the nature of the action bring it into issue (*e.g.,* to show damages in libel), *Ackerman v. Watson,* 690 S.W.2d 498, 499 (Mo.App.1985).

The trial court may refuse inquiry into specific collateral matters which tend only to disparage and discredit witness testimony. *Bond v. Wabash Railroad,* 363 S.W.2d 1, 6 (Mo.1962); *State v. Mahaffey,* 676 S.W.2d 20, 21 (Mo.App.1984) (excluding testimony of a witness' past drug usage). Counsel for appellant here inquired about complainant's past drug use. That the witness may have used drugs at any time in the past is neither a prior criminal convic-

tion nor an inquiry relevant to any issue in the discharge. Nothing in the offer of proof shows that this inquiry was anything but an attempt to cast aspersions on Mrs. Janes' credibility by painting her as a drug user. The Board was within its discretion in excluding the evidence.

■ Gamble contends that evidence of a sexual assault on Mrs. Janes in her childhood should have been admitted. For an offer of proof counsel announced only that he could show that the witness had once been the victim of a sexual assault for which someone was prosecuted and incarcerated. This does not constitute the specific and definite showing of relevance necessary to preserve this point. *See Frank,* 687 S.W.2d at 883–84. Similarly, the offer of proof regarding a subsequent kidnapping of Mrs. Janes does not establish its relevance and the point is meritless.

■ Finally, Gamble complains that he should have been permitted to inquiry into the mental health of Mrs. Janes. He first attempted to introduce her psychological records. Communications to a licensed psychologist are privileged and are protected from release without the consent of the person who received the professional services. Section 337.055. The rules of privilege· in administrative hearings are the same as those effective in civil actions. Section 536.070(8). The Board correctly excluded these records.

■ Gamble argues that the testimony of his character witnesses may not be ignored without specific findings. Nothing suggests that the Board has ignored this testimony but Gamble cites *Wilson v. Labor & Industrial Relations Commission,* 573 S.W.2d 118, 121 (Mo.App.1978) in support of his contention. Specific findings were necessitated in *Wilson* because the testimony in question was hearsay. The reviewing court in *Wilson* required specific findings in order to determine whether the administrative agency had used the incompetent hearsay evidence in support of its decision. The Patrol Board was not required to make specific findings regarding Gamble's character testimony since it does not serve to support any Board finding.

The complainant's testimony is not hearsay and constituted substantial and competent evidence to support Gamble's discharge.

■ The Board also excluded Gamble's collateral inquiry into various names that Mrs. Janes had used. Her several marriages, her use of the name of a man with whom she was living, and her return at times to the use of her maiden name all suggest valid use of different names over time. Gamble's offer of proof does not demonstrate the relevance of this inquiry.

■ Gamble's final point is a further attack on the complainant's credibility joined with an attack on the fairness and impartiality of the Board. Counsel insinuates that the Board was improperly influenced by the previous administrative decisions against Gamble and by the Board members' own employment relationships with the Patrol. These accusations are conclusory and baseless attacks on the integrity of the Board and its members.

Section 43.150 provides that the dismissal hearing on a formal charge be conducted by the Patrol. The statutory scheme provides that the agency both initiates the charge and makes the ultimate adjudication. The legislative enactment creates this dual role. The scheme may have weaknesses, including the inexperience of the hearing chairman in evidentiary law and judicial procedure. Still, the court indulges "a strong presumption in favor of the validity of an administrative determination," and "will not assume that [an] administrative body was improperly influenced absent clear and convincing evidence" to the contrary. *Moore v. Board of Education of the Special School District,* 547 S.W.2d 188, 191–92 (Mo.App.1977). The appellant must carry the burden of overcoming this presumption. *Mueller v. Ruddy,* 617 S.W.2d 466, 475 (Mo.App.1981), *cert. denied,* 454 U.S. 1055, 102 S.Ct. 600, 70 L.Ed.2d 591 (1981).

Gamble likens his situation on appeal to the agency's initial burden to prove its charges at the discharge hearing. An agency may not shift the burden of proof to the employee to prove his innocence of

charges in a discharge hearing. *See Gamble,* 695 S.W.2d at 507. The Patrol has gone forward with evidence substantiating the charges against Gamble. It did not improperly shift the burden of proof to him at the hearing. Conflicting evidence in the record is not in itself a sign of improper influence or grounds for appeal. *See Edmonds,* 596 S.W.2d at 407. If substantial evidence exists on the record supporting either of two conclusions, the reviewing court is bound by the administrative findings. *Id.* at 408. Gamble's argument suggests that the agency must affirmatively demonstrate the fairness of its proceedings. But upon following proper procedure the Board is entitled to a presumption of fairness. Gamble's conclusory accusations do not meet his burden of overcoming this presumption.

 As noted earlier herein, the circuit court erroneously construed Gamble's status after the remand in the earlier appeal and erroneously held a hearing on back pay, attorney fees and expenses. It is sufficient to note the court of appeals' decision did not reinstate Gamble to his position; furthermore, where there has been an improper dismissal and reinstatement the administrative agency, not the trial court, conducts the evidentiary hearing on back pay, attorney fees, expenses and offsets. *Edmonds v. McNeal,* 596 S.W.2d at 408. *Wolf v. Missouri State Training School for Boys,* 517 S.W.2d 138, 145 (Mo. banc 1974); *Gamble v. Hoffman,* 695 S.W.2d at 509.

Section V(C) of the Highway Patrol Rules and Regulations states that a highway patrol "member who has been exonerated of formal charges shall be entitled to be reinstated forthwith to his position and to receive back pay for the period of suspension." A suspended patrolman, pending his hearing, receives back pay only upon his exoneration of the charges. Gamble was not exonerated of the formal charges and his termination was supported by competent and substantial evidence. Back pay and benefits are only germane when there has been exoneration and reinstatement as a member of the Patrol.

Unless there is a change in the issues or the evidence, the court of appeals' previous holding constitutes the law of the case and concludes any issues decided on remand and subsequent appeal. *Sheridan v. McBaine,* 660 S.W.2d 188, 194 (Mo.App. 1983); *State ex rel. Mercantile National Bank v. Rooney,* 402 S.W.2d 354, 361 (Mo. App.1966). The Patrol followed the law established in the first *Gamble* case. The Board did not impermissibly shift the burden of proof and risk of non-persuasion to Gamble at the hearing. The Board and Colonel Hoffman complied in all respects with §§ 536.080–536.090, RSMo 1986. The Board did not conduct a hearing regarding back pay because Gamble was not exonerated of the charges and reinstated.

The Court affirms Gamble's dismissal. That part of the circuit court judgment which awarded Gamble back pay, attorney fees, and expenses is reversed and the case is remanded with instruction to enter judgment in favor of respondent.

All concur.