Eloise McGHEE, Superintendent of
Bellefontaine Habilitation
Center, Respondent,

v.

Angela DIXON, Appellant.

No. 80379.

Supreme Court of Missouri,
En Banc.

May 26, 1998.

Rehearing Denied Aug. 25, 1998.

Paul Ground, Gregory F. Quinn, Manchester, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Teresa Mayhew Hess, Asst. Atty. Gen., St. Louis, for Respondent.

BENTON, Chief Justice.

In 1994, Angela Dixon was dismissed as a state employee. She appealed to the Personnel Advisory Board, which ordered her reinstated with back pay. She later filed a motion for attorney's fees, which the PAB

granted. The Circuit Court of Cole County reversed the PAB. After appeal to the Court of Appeals, this Court granted transfer. *Mo. Const. art. V, sec. 10.* This Court reviews the agency's decision, not the court's judgment, and decides questions of law de novo. *City of Cabool v. Missouri State Board of Mediation,* 689 S.W.2d 51, 53–54 (Mo. banc 1985).

## I.

For 13 years, Angela Dixon worked as a hospital attendant at Bellefontaine Habilitation Center. In August 1994, she became on-the-job-training coordinator for new employees. On September 21, 1994, Dixon counseled a new employee for speaking too softly to clients and failing to control client behavior. The next day, the employee falsely reported that Dixon had mistreated patients, resulting in Dixon's dismissal on November 9, 1994. Dixon appealed to the PAB. On October 10, 1995, the PAB found that she did not mistreat the patients and ordered her reinstated with back pay.

On November 9, 1995, Dixon filed a motion for attorney's fees with the PAB on two grounds. As one ground, Dixon claimed attorney's fees under section 536.087,[1] which authorizes a prevailing party in an agency proceeding to recover reasonable fees and expenses. Because the PAB found that the Center was "substantially justified" in firing Dixon, it denied recovery under section 536.087. Neither party contests this ruling.

■ As another ground, Dixon invoked *Wolf v. Missouri State Training School For Boys,* 517 S.W.2d 138 (Mo. banc 1974). In the original opinion in that case, this Court held that the back-pay award for a reinstated employee *equals* lost salary *minus* earnings from substitute employment, in "mitigation." *Id.* at 144–45. In response to a Motion for Rehearing in *Wolf,* this Court further held "equitable" that when the back-pay award is so reduced by mitigation, it is increased by attorney's fees and reasonable expenses

spent to obtain reinstatement. *Id.* at 147–48[9]. The amount of attorney's fees and expenses recoverable may not exceed the amount of substitute earnings. *Id.*

In this case, Dixon lost state salary of $11,659.70 between dismissal and reinstatement. During that period, she earned $2,743.13 in substitute employment. She claimed attorney's fees of $1,507.50, but no other reasonable expenses.

Based on *Wolf,* the PAB granted Dixon's claim for attorney's fees. The PAB calculated the back-pay award as: $11,659.70 − ($2,743.13 − $1,507.50) = $10,424.07.

## II.

When *Wolf* was decided in 1975, no statute authorized recovery of attorney's fees in proceedings before the PAB, or generally in agency proceedings. *See chapters 36 & 536 RSMo 1969.* In 1989, the General Assembly enacted sections 536.085 and 536.087. *1989 Mo. Laws 1076–77.* The key subsection in the new law states:

A party who prevails in an agency proceeding or civil action arising therefrom, brought by or against the state, shall be awarded those reasonable fees and expenses incurred by that party in the civil action or agency proceeding, unless the court or agency finds that the position of the state was substantially justified or that special circumstances make an award unjust.

*Section 536.087.1.* The new law comprehensively defines agency proceedings, prevailing parties, reasonable fees and expenses, and the procedures to pursue a claim. *Sections 536.085, 536.087.* The new law encompasses all contested cases before state agencies, except for seven specific types. *Section 536.085(1).* That the new law applies to the PAB is not contested. *See section 36.390(9); .St. Joseph State Hosp. v. Soliday,* 861 S.W.2d 145 (Mo.App.1993). The only issue is whether the new law supersedes the rule in *Wolf.*

---

1. All statutory references are to RSMo 1994 un-   less otherwise noted.

## III.

Dixon initially contends that the new law does not supersede *Wolf* because the new law sets a rule to recover attorney's fees, while *Wolf* sets a rule to calculate back-pay awards. The purpose of the *Wolf* rule is obvious, however. *Wolf* grants recovery of attorney's fees, by increasing the back-pay award by that amount. Dixon's own motion to the PAB – entitled "Motion for Award of Attorney's Fees" – acknowledges that *Wolf* mandates (as her motion says) "a determination and award of her reasonable attorney's fees." Further, she requested attorney's fees at $75 per hour, the statutory cap under the new law. *Section 536.085(4)*. The economic and legal reality is that *Wolf* provides a way to recover attorney's fees.

## IV.

Alternatively, Dixon argues that even if both the new law and *Wolf* authorize recovery of attorney's fees, their remedies are consistent, and therefore the new law does not supersede *Wolf*. Dixon contends that the new law creates only *a* remedy, not the *exclusive* remedy, in back-pay cases. Further, she asserts that since the new law does not specifically overrule *Wolf*, the General Assembly intended to continue both methods of recovering attorney's fees.

■ Generally, "a statutory right of action shall not be deemed to supersede and displace remedies otherwise available at common law in the absence of language to that effect." *Detling v. Edelbrock*, 671 S.W.2d 265, 271 (Mo. banc 1984). This is not so, however, when "the statutory remedy fully comprehends and envelopes the remedies provided by common law." *Id.* at 271–72.

*Wolf* provides one way to recover attorney's fees, but only in one type of case before the PAB. The new law provides for the recovery of attorney's fees, but does so in most agency proceedings, including those before the PAB. *Wolf's* narrow ambit, therefore, is fully comprehended and enveloped by the new law.

As part of its comprehensive and enveloping scope, the new law entitles parties to recover their attorney's fees in agency proceedings, except in certain circumstances. Here, the PAB found that the agency's position was substantially justified. Under the new law, this finding prohibits the recovery of attorney's fees. Yet *Wolf* would allow recovery as a matter of right in this case. *Wolf* contravenes the new law, which sets a different standard for recovering attorney's fees.

■ Courts "may not disregard a statutory provision, for where the Legislature has enacted a statute which governs and determines rights of the parties under stated circumstances, equity courts equally with courts of law are bound thereby." *Kuenzle v. Missouri State Highway Patrol*, 865 S.W.2d 667, 669 (Mo. banc 1993), quoting *Milgram v. Jiffy Equipment Co.*, 362 Mo. 1194, 247 S.W.2d 668, 676–77 (Mo.1952). The new law sets a new standard for recovery of attorney's fees in agency proceedings, and courts are bound thereby.

■ This conclusion especially applies to the liability of a state agency. It is "the established law that statutory authority is essential to the assessment of attorney fees to the sovereign." *In Interest of K.P.B.*, 642 S.W.2d 643, 645 (Mo. banc 1982). When the state consents to be sued, as in section 536.087, "it may be sued only in the manner and to the extent provided by the statute; and the state may prescribe the procedure to be followed and such other terms and conditions as it sees fit." *Charles v. Spradling*, 524 S.W.2d 820, 823 (Mo. banc 1975).

Finally, Dixon argues that *Wolf* and the new law have the same purpose, to encourage private resistance to unjust governmental acts. True, the new law does encourage private resistance to unjust governmental acts, but only to those that fail the new law's test. *Wolf*, however, provides attorney's fees as a matter of right, and therefore conflicts with the standard in the new law.

To the extent *Wolf* and its progeny are inconsistent with this opinion, they should no

longer be followed. *Wolf*, 517 S.W.2d at 147–48[9]; *Gamble v. Hoffman*, 732 S.W.2d 890, 895 (Mo. banc 1987); *DeSilva v. Director, Division of Aging, Dept. of Soc. Serv.*, 714 S.W.2d 690, 692 (Mo.App.1986); *Gamble v. Hoffman*, 695 S.W.2d 503, 509 (Mo.App. 1985); *Holt v. Personnel Advisory Board*, 679 S.W.2d 340, 343 (Mo.App.1984); *Downs v. Personnel Advisory Board*, 671 S.W.2d 12, 17 (Mo.App.1984).

## V.

Because attorney's fees are not recoverable in this case, Dixon's second point (as to the necessity for a hearing on the reasonableness of attorney's fees) need not be addressed.[2] The judgment of the circuit court is affirmed.

PRICE, LIMBAUGH, ROBERTSON and COVINGTON, JJ., concur.

HOLSTEIN, J., concurs in separate opinion filed.

WHITE, J., concurs in opinion of HOLSTEIN, J.

HOLSTEIN, Judge, concurring.

I concur in the majority opinion, but do so only tentatively and with reservations.

The right of a wrongfully dismissed state employee to lost salary is provided for in sec. 36.390.5. That section has no language, ambiguous or otherwise, indicating a legislative intent that the equitable rule of "avoidable consequences" should be applied when calculating the amount the employee's lost salary due to a wrongful discharge, suspension or demotion.

Nevertheless, this Court undertook to construe that section by importing the rule of avoidable consequences into the statute. *Wolf v. Missouri State Training School for Boys*, 517 S.W.2d 138, 144 (Mo. banc 1974). Importing this rule allowed the state to offset a back pay award with the substitute income earned by the discharged employee. "The doctrine of avoidable consequences has a necessary corollary—the person who reasonably attempts to minimize his damages can recover expenses incurred." 22 Am.Jur.2d *Damages*, sec. 495. Recognizing this necessary connection, the Court also imported the corollary doctrine and allowed employees to reduce the offset by the reasonable attorneys fees and expenses incurred in seeking relief from the wrongful discharge. *Wolf*, 517 S.W.2d at 148.

The logic supporting the holding in *Wolf* was dubious from the outset. Perhaps Judge Bardgett was correct in stating, "There are no deductions provided for in [sec. 36.390.5]. If the legislature had intended for there to be deductions for pay earned or which could have been earned, they would have said so." *Wolf*, 517 S.W.2d at 146 (Bardgett, J., concurring in part and dissenting in part).

If the majority is correct in its conclusion that the legislature has removed the "necessary corollary" of the equitable rule of avoidable consequences from this Court's interpretation of sec. 36.390, then justice requires that the Court remove all of the rule from its construction of the statute. Equity in part is not equity at all. *See Townsend v. Maplewood Investment & Loan Co.*, 351 Mo. 738, 173 S.W.2d 911, 913–14 (1943) ("equity delights to do justice, and that not by halves"). In cases where the employee is not allowed to reduce the substitute earnings offset by the amount of necessary expenses, it is unjust that the state be given the benefit of the offset. The unjust impact of the enactment of sec. 536.087.1 on the avoidable consequences rule creates an ample basis for reopening the question of whether *Wolf* was correctly decided.

The appellant justifiably assumed that *Wolf* was good law and would not be overruled. That undoubtedly accounts for her failure to address the issue. On remand, I see no reason why the PAB may not consider whether any part of *Wolf*'s avoidable conse-

---

**2.** Dixon does not in any way attack the "mitigation" offset required by the original opinion in

*Wolf*, 517 S.W.2d at 144–45 – an issue this Court need not address.

quences rule survives. Because the issue was not raised or resolved here, the law of the case does not prohibit the question from being argued on a subsequent appeal. *See Gamble v. Hoffman,* 732 S.W.2d 890, 895 (Mo. banc 1987).

Having noted the reasons for my reservations, I concur in the remainder of the opinion.