**MISSOURI DIVISION OF EMPLOYMENT SECURITY, Petitioner-Appellant,**

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION, Larry V. Bridges and W.K. Manufacturing Company, Respondents.**

No. 45756.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 25, 1983.

Motion for Rehearing/Transfer to Supreme Court Denied
March 17, 1983.

Application to Transfer Denied
April 26, 1983.

Rick V. Morris and Susan P. Haag, Jefferson City, for petitioner-appellant.

Catherine J. Barrie, Jefferson City, for respondents.

CRIST, Judge.

The Missouri Division of Employment Security (Employment Division) appeals from

a circuit court's judgment affirming the Labor and Industrial Relations Commission's (Labor Commission) decision that Larry Bridges (claimant) was not disqualified for unemployment compensation benefits from a previous base period employer for having voluntarily quit his job there. We affirm.

No one disputes the facts. The job claimant quit was with respondent W.K. Manufacturing Company and paid a gross wage of $3.50 per hour. The job required claimant to commute a round-trip of sixty-four miles each workday, for which the weekly expense just for gasoline was $45.00, and to incur a monthly clothing expense of $35.00. Claimant quit that job in August, 1980, to accept another one offered by a different employer located about one mile from claimant's residence, and for which uniforms were furnished free by the employer. Claimant's new job was full-time and paid a gross wage of $3.25 per hour. Claimant was laid off by his new employer near the end of September, 1980, because of lack of work and through no fault of claimant.

The Employment Division contends unemployment compensation should be denied claimant under the Missouri Employment Security Law's disqualification provision in § 288.050, RSMo.1978, the pertinent parts of which we set out below (all further references to statutory sections are to RSMo. 1978):

> "–1. Notwithstanding the other provisions of this law a claimant shall be disqualified for waiting week credit or benefits until after he has earned wages equal to ten times his weekly benefit amount if the deputy finds
>
> (1) That he has left his work voluntarily without good cause attributable to his work or to his employer; *except* that he shall not be disqualified
>
> (a) If the deputy finds he quit such work for the purpose of accepting a *more remunerative job* which he did accept and earn some wages therein . . . ." (Emphasis added.)

The Employment Division asserts claimant's second job was not "a more remunerative job" within the disqualification exception just quoted, in that the gross hourly wage there was $.25 less than that at the job claimant quit. The Labor Commission contends the second job was more remunerative because claimant's savings on transportation and clothing yielded to him a higher net wage. The only question, then, is whether quitting one full-time job to earn a higher net wage at another is within what the legislature meant by "accepting a more remunerative job."

Section 288.050.–1. (1)(a) and similar provisions in a number of other states are summarized at 1B Unempl.Ins.Rep. (CCH) ¶ 1975, at 4493 (Feb. 19, 1976) as "state laws provid[ing] that no disqualification [for unemployment compensation benefits] will be imposed if the individual left to take bona fide new work or a more favorable job with another employer and earned a certain amount . . . ." The troublesome phrase in our statute does not appear in any of the others, see, e.g., *id.* ¶¶ 3016 through 3059, at 4834 through 4929–3, and apparently has yet to be interpreted by any Missouri appellate court. Therefore, as we must fix the meaning of our statute by statutory construction, we iterate *O'Dell v. Division of Employment Security*, 376 S.W.2d 137, 141–42 (Mo.1964) that

> "[t]he Act is to be liberally construed [in favor of compensation] . . . Disqualifying provisions are to be narrowly construed . . . . A liberal construction must be a fair and reasonable construction. The words and terms of Chapter 288 are to be used and construed in their plain, ordinary sense."

The parties support their respective positions by marshalling dictionary definitions of "remunerative," illustrative of which is that in Webster's Third New International Dictionary 1921 (unabridged ed. 1961): "Rewarding . . . profitable, gainful." The definitions are not particularly helpful past showing that "remunerative," used in the statute to describe "job," encompasses more in the abstract than money or wages. But whatever else "more remunerative" includes by way of a job being, say, more

"[r]ewarding ... profitable, [or] gainful," it certainly describes a job which yields to the worker more disposable income, and we so hold. Further, our holding, and not that urged by the Employment Division, furthers the policy of the Employment Security Law that "benefits shall be for persons unemployed through no fault of their own ... [and who are] without design to give up wage rewards for compensated unemployment." *Brown v. Labor & Ind. Relations Com'n.*, 577 S.W.2d 90, 93 (Mo.App. 1978).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.