John P. JONES, Plaintiff-Appellant,

v.

LABOR AND INDUSTRIAL RELATIONS COMMISSION, et al., Defendant-Respondent.

No. 48919.

Missouri Court of Appeals, Eastern District, Division One.

July 2, 1985.

F. Dianne Taylor, St. Louis, for plaintiff-appellant.

Timothy P. Duggan, Jefferson City, Patricia Shaw, St. Louis, Susan P. Haag, Rick V. Morris, Jefferson City, Charles Elbert and Harold Elbert, St. Louis, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal from the order and opinion of the Circuit Court of the County of St. Louis affirming the decision of the Labor and Industrial Relations Commission. The Commission's decision adopted the finding of the Missouri Division of Employment Security finding appellant disqualified from receiving unemployment compensation benefits for six weeks and further finding appellant disqualified from receiving unemployment compensation benefits for an additional four weeks due to his discharge from work. Appellant commenced this action for judicial review claiming that the decision of the Circuit Court is unsupported by and contrary to the competent and substantial evidence upon the record as a whole, and was erroneous as a matter of law. We reverse.

Appellant, John P. Jones, was employed for twelve years by Jewish Hospital, last working as a supervisor in the housekeeping department. Appellant was suspended from work for the dates of June 7, 9 and 10, 1983 because of unsatisfactory attendance and was discharged on August 5, 1983 for the same misconduct.

After being dismissed from employment, appellant applied for unemployment compensation benefits under the Missouri Employment Security Law. A deputy of the Missouri Division of Employment Security (Division) determined Jones to be disqualified for benefits for six weeks on a finding that he was suspended from work on June 7, 9 and 10, 1983 for "misconduct connected with his work." The deputy further found the claimant to be disqualified for benefits for eight weeks on a finding that he was discharged on August 5, 1983 for the same "misconduct."

Appellant filed a timely notice of appeal with the Appeals Tribunal of the Division and a hearing was held in this matter on September 28, 1983. On October 12, 1983, the Appeals Tribunal issued its decision in which it affirmed the aforementioned six week disqualification relating to claimant's suspension from work. The Appeals Tribunal further modified claimant's disqualification for his discharge from work from eight weeks to four weeks. Appellant next filed an appeal of this decision with the Labor and Industrial Relations Commission (Commission). The Commission denied his Application for Review on February 28, 1984, thereby adopting as its own the findings and decisions of the Appeals Tribunal.

Appellant filed a timely Petition for Judicial Review with the Circuit Court of the County of St. Louis. The circuit court issued its opinion and order on June 11, 1984, affirming the decision of the Commission. This appeal follows.

Appellant acknowledges that the Division has authority to consider relevant past disciplinary actions in reaching its conclusion as to whether the discharge from work was for the repeated misconduct, but appellant contends "the Division cannot assess separate weeks of disqualification for disciplinary action which occurs while the claimant is still employed and thus ineligible for benefits."

Appellant's only point relied on is misposited. His argument is muddled. The issue as filtered from his argument and to be decided by this court is whether the Commission could have reasonably found that appellant was disqualified for benefits for six weeks as a result of his suspension for misconduct connected with his work and disqualified for an additional four weeks as a result of the same misconduct which led to his discharge as a matter of law.

Section 288.050.2 RSMo (Supp.1982) states:

> Notwithstanding the other provisions of this law, if a deputy finds that a claimant has been suspended or discharged for misconduct connected with his work, such claimant, depending upon the seriousness of the misconduct as determined by the deputy according to the circumstances in each case, shall be disqualified for waiting week credit or benefits for not less than one nor more than sixteen weeks for which he claims benefits and is otherwise eligible. In addition to the disqualification for benefits under this provision the division may in the more aggravated cases of misconduct cancel all or any part of the individual's wage credits, which were established through his employment by the employer who discharged him, according to the seriousness of the misconduct.

■ We recognize that the employment security law is to be liberally construed in favor of compensation and disqualifying provisions are to be narrowly construed. *Missouri Division of Employment Security v. Labor and Industrial Relations Commission,* 647 S.W.2d 893 (Mo.App. 1983).

In creating Chapter 288, Employment Security, the legislature set guidelines in which the Commission was to determine eligibility for unemployment benefits. Denial of benefits are based on misconduct. In the event that a claimant's act or acts of misconduct are particularly serious, the Commission is authorized to enhance disqualification to the extent that it can cancel "all or any part of the individual's wage credits."

■ We find that the Commission's judgment that appellant was suspended *and* discharged for misconduct is supported by substantial evidence and the Commission was warranted in disqualifying appellant for a period of weeks. Standing alone, each disqualification imposed by the Commission is authorized by statute. However, in construing Sec. 288.050.2 we conclude that when there is reason to disqualify a claimant for more than one reprimand (suspension or discharge) from his employer arising out of the same factual misconduct the Commission cannot issue more than one disqualification. If the Commission should determine that this misconduct has been raised to the level of "the more aggravated cases of misconduct", it may enhance the disqualification to the maximum as prescribed by the statute.

The findings of the circuit court affirming the Labor and Industrial Commission are reversed and this matter is remanded to the circuit court with directions to return this cause to the Labor and Industrial Commission to make a determination of the number of weeks for disqualification and the number of weeks, if any, for enhancement, in accordance with this opinion.

GAERTNER and KAROHL, JJ., concur.