Janet BRANDON, Plaintiff–Appellant,

v.

**LABOR & INDUSTRIAL RELATIONS COMMISSION, et al., Defendant–Respondent.**

No. 54107.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 1, 1988.

Anthony L. Anderson, Clayton, for plaintiff-appellant.

Larry Raymond Ruhmann, Div. Employment Sec., St. Louis, Sandy Bowers, Catherine J. Barrie, Labor & Indus. Relations, Jefferson City, for defendant-respondent.

CRANDALL, Presiding Judge.

This is an appeal from the judgment of the circuit court which affirmed the decision of the Labor and Industrial Relations Commission (Commission) denying Janet Brandon (claimant) unemployment compensation benefits because claimant voluntarily quit her job to take a second job which was not more remunerative under Missouri's Employment Security Law, Section 288.050.1(1)(a), RSMo (1986). On appeal, claimant contends that the circuit court erred in affirming the Commission's decision because it was not supported by competent and substantial evidence on the record as a whole. We reverse and remand with directions.

Claimant worked as a secretary and receptionist for Lunnemann & Company for about four and one half years. Her annual salary when she left was thirteen thousand-five hundred dollars. Claimant left Lunneman & Company to work as a legal secretary for a Clayton law firm. The law firm fired claimant after three and one half work days. Claimant then filed an initial claim for benefits under the Missouri Employment Security Law, Section 288, RSMo (1986). A deputy of the Missouri Division of Employment Security determined claimant was disqualified. Claimant appealed and a hearing was held by the Missouri Division of Employment Security. Claimant testified at the hearing that the starting salary of her new job was $1,100 a month with two promised $100 per month raises—one at the end of six months and the other at the end of the first year. The Appeals Tribunal entered its decision affirming the finding that claimant's new work "paid an annual salary of $13,200 to begin, with *prospects* of raises over two years to bring the claimant's annual salary to about $15,000." (emphasis added). Claimant then filed a timely application for

review with the Labor and Industrial Relations Commission of Missouri. The Commission issued an order denying claimant's application for review. The circuit court affirmed the Commission's decision, and claimant appealed to this court.

On appeal, we review the decision of the Commission, not the circuit court's judgment. *IXL Manufacturing Company v. Labor and Industrial Relations Commission*, 679 S.W.2d 903, 904 (Mo.App.1984). The findings of the Commission as to the facts, if supported by competent and substantial evidence, are conclusive. Section 288.210, RSMo (1986). The Commission is vested with discretion to draw reasonable inferences from the evidence presented. The question before this court is whether the decision that claimant's second job was not more remunerative than her first job is supported by competent and substantial evidence. *Paul Mueller Company v. Labor and Industrial Relations Commission of Missouri*, 699 S.W.2d 88, 90 (Mo.App.1985). Our function as the reviewing court is to decide, based on the record, whether the Commission could reasonably have made its findings from the evidence before it. *Doerer v. Labor and Industrial Relations Commission*, 617 S.W.2d 501, 503 (Mo.App. 1981).

Claimant contends she should receive unemployment compensation under Missouri Employment Security Law Section 288.050.-1(1)(a), RSMo (1986), the pertinent parts of which we set out below:

1. Notwithstanding the other provisions of this law a claimant shall be disqualified for waiting week credit or benefits until after he has earned wages equal to ten times his weekly benefit amount if the deputy finds

(1) That he has left his work voluntarily without good cause attributable to his work or to his employer; *except* that he shall not be disqualified

(a) If the deputy finds he quit such work for the purpose of accepting a *more remunerative job* which he did accept and earn some wages therein.... (emphasis added.)

The purpose of the Missouri Employment Security Law is to confer benefits on those persons unemployed through no fault of their own. *First Bank of Commerce v. Labor and Industrial Relations Commission of Missouri*, 612 S.W.2d 39, 45 (Mo. App.1981); Section 288.020.2, RSMo (1986). This act is to be given a liberal construction in favor of compensation, and disqualification provisions are to be narrowly construed. *Missouri Division of Employment Security v. Labor and Industrial Relations Commission*, 647 S.W.2d 893, 894 (Mo.App.1983).

Claimant argues that she should not be disqualified because she left her first job to take a more remunerative second job and that she, therefore, comes under the disqualification exception in Section 288.050.-1(1)(a). The phrase "more remunerative job" has been used to describe a job which yields to a worker more disposable income as well as a job which is "rewarding ... profitable, gainful." *Missouri Division of Employment Security*, 647 S.W.2d at 895. Plaintiff testified at the appeals hearing, "My final wage (at Lunneman & Company) was $6.50 an hour which is about thirteen thousand-five hundred a year." Claimant later testified that the salary at the second job was "$1,100 a month and that the law firm *promised* me two raises within a year ... they *promised* me a $100 raise at the end of six months and another $100 a month raise at the end of 12 months ..." (emphasis added). Thus, assuming that the law firm actually promised these raises, claimant's second job was clearly more remunerative than her first job. While the first job paid only $13,500 a year, the second job (with the "promised" raises) would amount to a $13,800 annual salary by the end of year one and a $15,600 annual salary by the end of year two. Without the "promised" raises, however, claimant's salary at the second job [$13,200] would be less remunerative than her salary at her first job [$13,500].

Accordingly, the resolution of the case depends upon whether the raises were ac-

tually promised or intended as "prospects," as the Commission found. The only testimony on the record concerning this issue came from claimant. Claimant's conclusion suggests that the raises were definite and enforceable had she continued to work for the law firm. No one challenged the sufficiency of the foundation for claimant's conclusion that she was promised these raises.

This was the only evidence which the Commission had before it concerning the comparative salaries of the two jobs. Although due notice was accorded all interested parties, claimant's employer did not appear at the appeals hearing and failed to cross-examine claimant or offer any contrary evidence concerning the jobs' comparative salaries. The only evidence was that claimant left her first job to go to a more lucrative second job which offered her a higher annual salary, albeit in unequal, monthly installments.

Simply put, the Commission was entitled to believe or disbelieve the testimony of claimant. It was not entitled to infer that unequivocal and unimpeached testimony of a "promise" really meant "maybe." We, therefore, conclude that the Commission's decision was not supported by competent and substantial evidence on the whole record.

The judgment of the circuit court is reversed and the cause remanded with directions that the circuit court reverse the decision of the Labor and Industrial Relations Commission and remand the case for a new hearing or, in the alternative, approval of claimant's unemployment benefits.

REINHARD and CRIST, JJ., concur.